IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SONY BMG MUSIC ENTERTAINMENT,  :
a Delaware general partnership; ARISTA  :
RECORDS LLC, a Delaware limited  :
liability company; UMG RECORDINGS,  :
INC., a Delaware corporation; and BMG  :
MUSIC, a New York general partnership,  :

    Case No. 2:08 CV 01200 WY

        Plaintiffs,

    v.

DENISE CLOUD,

        Defendant.

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

Plaintiffs respectfully submit this response in opposition to Defendant's Motion for More

Definite Statement Pursuant to Fed. R. Civ. P. 12(E) ("Motion," Doc. No. 7) and request that the

Court deny Defendant's Motion. In support of this request, Plaintiffs state as follows:

### INTRODUCTION

Plaintiffs brought this action for copyright infringement on March 11, 2008. Defendant

moved for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. In

her Motion, Defendant identifies several alleged deficiencies in Plaintiffs' Complaint and, based

on those deficiencies, requests that Plaintiffs "file a more definite statement" addressing seven

specific issues identified by the Defendant. *See* Motion, p. 5-6. In Defendant's Brief in Support

of her Motion ("Supporting Brief," Doc. No. 8), Defendant seems to argue that she is entitled to

a more definite statement[1] because Plaintiffs' Complaint fails to adequately plead a claim of

---

[1] In her Motion, Defendant requests a more definite statement as to seven specific issues.
Motion, p. 5-6. However, in Defendant's Supporting Brief, Defendant requests that "Plaintiffs

copyright infringement as required by the U.S. Supreme Court's decision in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007).

Despite Defendant's arguments to the contrary, Defendant is not entitled to a more definite statement because: (1) Defendant has failed to establish under Rule 12(e) that Plaintiffs' Complaint is so "vague or ambiguous" that she cannot reasonably respond to the Complaint; (2) Plaintiffs' claim of copyright infringement is more than sufficient under both *Twombly* and Fed. R. Civ. P. 8(a); (3) the additional information Defendant seeks was either already specified in Plaintiffs' Complaint or is more appropriately sought by the Defendant during discovery; and (4) Defendant's Motion for a More Definite Statement is moot as Plaintiffs produced to Defendant all of the additional information she requested.

For these reason and those explained below, Plaintiffs respectfully request that the Court deny Defendant's Motion.

## BACKGROUND AND STATEMENT OF FACTS

Plaintiffs are major recording companies who own copyrights or the exclusive rights to copyrights in sound recordings. Collectively, they face a massive problem of digital piracy over the Internet. Indeed, the Supreme Court has characterized the magnitude of online piracy as "infringement on a gigantic scale." *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 545 U.S. 913, 940 (2005).

Peer-to-peer ("P2P") networks (otherwise known as file-sharing programs) allow users to

---

be ordered to file an amended complaint specifying the factual nature of their claim, or suffer dismissal with prejudice." Supporting Brief, p. 2. The relief requested in Defendant's Supporting Brief is different from the relief requested in the Motion. Given the title of Defendant's Motion and the Supporting Brief, and because Defendant's filed her Motion and Supporting Brief under Fed. R. Civ. P. 12(e), the only relief to which Defendant seeks is an order requiring Plaintiffs to amend their Complaint to file a more definite statement as to the seven issues.

2

transform their computers into interactive Internet sites for swapping copyrighted sound recordings with other users. The most infamous P2P network was the Napster system, which was enjoined by the United States District Court for the Northern District of California. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001). Other P2P networks, however, have arisen in Napster's wake, and the Supreme Court has held that these P2P networks may be liable for the infringement of Plaintiffs' copyrighted works. *See, e.g., Grokster Ltd.*, 545 U.S. at 940.

As a direct result of piracy over P2P networks, Plaintiffs have sustained and continue to sustain devastating financial losses. Indeed, the Department of Justice has concluded that online media distribution systems are "one of the greatest emerging threats to intellectual property ownership," estimated that "millions of users access P2P networks" and determined that "the vast majority" of those users "illegally distribute copyrighted materials through the networks." Report of the Department of Justice's Task Force on Intellectual Property, available at http://www.usdoj.gov/criminal/cybercrime/IPTaskForceReport.pdf at 39 (October 2004)

As the Seventh Circuit has held, "music downloaded for free from the Internet is a close substitute for purchased music; many people are bound to keep the downloaded files without buying the originals." *BMG Music v. Gonzalez*, 430 F.3d 888, 890 (7th Cir. 2005). In addition, downloads from P2P networks compete with licensed broadcasts and undermine the income available to authors. *Id.* at 891. Plaintiffs' losses from online music piracy have resulted in layoffs of thousands of employees in the music industry. Unfortunately, infringing users of P2P systems are often "disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement," rendering this serious problem even more difficult for copyright owners to combat. *In re Aimster Copyright Litig.*, 334 F.3d 643 (7th Cir. 2003).

3

P2P users who reproduce or copy (download) or distribute (upload) copyrighted material violate the Copyright Act. *See Grokster*, 545 U.S. at 919-22 (noting that users of P2P networks share copyrighted music and video files on an enormous scale, and, as such, even the providers of those networks "concede infringement" by the individual users); *Aimster*, 334 F.3d 643. A copy downloaded, played, and retained on one's hard drive for future use is a direct substitute for a purchased copy — and without the benefit of the license fee paid to the broadcaster. *See Gonzalez*, 430 F.3d at 891.

On June 13, 2007, Plaintiffs' investigators detected an individual using the LimeWire file sharing service on the Gnutella P2P network to engage in copyright infringement. Plaintiffs' investigators detected the infringement by logging onto the P2P network in the same fashion as any Internet user and viewing the files that this individual was distributing to other users. This individual had as many as 337 digital audio files on her computer and was distributing them for free both to Plaintiffs' investigators and to millions of others using similar P2P networks. On information and belief, this individual downloaded all or many of these 337 digital audio files without the permission of the record company copyright owners. In short, as an active user of a P2P network, this individual was distributing copyrighted sound recordings stored on her computer to others and downloading copyrighted sounds recordings from other users of the P2P network.

Plaintiffs' investigators further ascertained that this individual used Internet Protocol ("IP") address 71.185.73.209 to connect to the Internet. Subsequently, Plaintiffs filed a "Doe" Complaint against this individual and, after obtaining a court order, issued a subpoena to Verizon Internet Services, Inc. ("Verizon") in order to determine who was responsible for the above-referenced IP address at the date and time in question. Verizon subsequently identified the

4

Defendant, Denise Cloud, in response to the subpoena.

On March 11, 2008, Plaintiffs filed their Complaint against Defendant for copyright infringement. Plaintiffs' Complaint lists a sample of the sound recordings that Defendant was distributing without authorization. (Complaint at Ex. A.) As alleged in the Complaint, Defendant, without the permission or consent of the Plaintiffs, used a P2P network to download and/or distribute to the public each of these specifically identified sound recordings. (Compl., ¶ 15.)

Defendant has now moved for a Motion for More Definite Statement, arguing that Plaintiffs' Complaint is deficient and that Defendant is entitled to additional information before she can respond to the Complaint. Contrary to Defendant's contentions, Plaintiffs' Complaint is sufficient under *Twombly* and Fed. R. Civ. P. 8, therefore Defendant is not entitled to a more definite statement. In fact, courts around the country that have considered the sufficiency of Plaintiffs' Complaint in similar cases have consistently found that the Complaint satisfies scrutiny under *Twombly*, and complies with Rule 8(a). Therefore, Defendant's Motion should be denied.

Moreover, although the information Defendant seeks is more appropriately obtained during discovery, Plaintiffs have already produced to Defendant all of the information that she has requested, and that is in Plaintiffs' possession, custody or control, therefore, Defendant's requested relief is moot and her Motion should be denied.

#241351 v1

## ARGUMENT

I.  **MOTIONS UNDER FED. R. CIV. P. 12(E) ARE HIGHLY DISFAVORED AND PLAINTIFFS' COMPLAINT NEED ONLY RAISE A RIGHT TO RELIEF ABOVE THE SPECULITIVE LEVEL.**

A.  **Motions For More Definite Statement Are Not A Substitute for Discovery.**

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) motions, however, 'are highly disfavored since the overall scheme of the federal rules calls for skeletal pleading and places the burden of unearthing factual details on the discovery process." *Jones v. Select Portfolio Servicing, Inc.*, Civ. No. 08-972, 2008 U.S. Dist. LEXIS 33284, * 6 (E.D. Pa. April 23, 2008) (The court, considering *Twombly,* denied in part and granted in part Defendant's Motion to Dismiss, but denied Defendant's Motion for More Definite Statement.)

Moreover, a Motion for More Definite Statement cannot be used as a substitute for discovery, which is exactly what Defendant is requesting that this Court do. *See Frommer v. Celanes Corp.,* Civ. No. 07-4066 (GEB) (JJH), 2008 U.S. Dist. LEXIS 32505, *12 (D. N.J. April 21, 2008) (Court denied Defendant's Motion to Dismiss under 12(b)(6) and Motion for More Definite Statement under 12(e) finding that "discovery will provide Defendant with the additional information it seeks." (citing 5C Wright & Miller, Federal Practice & Procedure § 1376 (noting that Rule 12(e) is not a substitute for discovery.)))

B.  **Under *Twombly*, Plaintiffs Need Only Plead Sufficient Facts "to Raise a Right to Relief Above the Speculative Level."**

Defendant argues that she is entitled to a more definite statement because Plaintiffs' Complaint is deficient under *Twombly.* Defendant contends that Plaintiffs did not adequately allege a claim of copyright infringement because their Complaint did not adequately address the

6

seven issues identified in Defendant's Motion.[2]  The fatal flaw in Defendant's argument is that

Plaintiffs adequately alleged a claim of copyright infringement against the Defendant under both

*Twombly* and Rule 8(a).

In *Twombly*, the U.S. Supreme Court addressed the question of what a plaintiff must

plead in order to state a claim. 127 S. Ct. at 1964-69. The Court held that "[f]actual allegations

[in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Id.* at

1965. In evaluating the implications of *Twombly*, the Third Circuit held that "[t]he Supreme

Court's *Twombly* formulation of the pleading standard can be summed up thus: "stating . . . a

claim requires a complaint with enough factual matter (taken as true) to suggest" the required

element. . . . That is to say, there must be some showing sufficient to justify moving the case

beyond the pleadings to the next stage of litigation." *Phillips,* 515 F.3d at 234.

Defendant does not contend that Plaintiffs' claim of copyright infringement is merely

speculative or just a "formulaic recitation of the elements," rather Defendant contends that

Plaintiffs' Complaint is deficient because it did not adequately address the seven issues,

identified in Defendant's Motion, on which Defendant requests a more definite statement.

However, in order for Defendant to establish that Plaintiffs' Complaint is deficient, Defendant

must show that Plaintiffs were required to plead or attach information to their Complaint

regarding the seven issues identified by Defendant. Defendant can make no such showing.

---

[2] Defendant argues that the following information should have been included in the
Complaint, and because it was not, Plaintiffs should be ordered to address these issues: (1)  List
all 337 copyrights referenced on Schedule A to the Complaint; (2) Provide Registration
Certificates for any copyright on which Plaintiffs are seeking statutory damages, as well as
supporting ownership documents; (3) Identify which exclusive rights under 17 U.S.C. § 106
Plaintiffs allege the Defendant has infringed; (4) State whether 17 U.S.C. §106(6) is at issue; (5)
State whether Defendant is a direct infringer; (6)  Facts upon which Plaintiffs rely for alleging
Defendant directly infringed Plaintiffs' copyright; and (7) Facts supporting Plaintiffs' allegation
that Defendant willfully infringed Plaintiffs' copyright.

7

II.   **DEFENDANT IS NOT ENTITLED TO A MORE DEFINITE STATEMENT BECAUSE PLAINTIFFS' COMPLAINT IS SUFFICIENT UNDER BOTH *TWOMBLY* AND FED. R. CIV. P. 8(A).**

A.   **Plaintiffs' Complaint is Not "Vague and Ambiguous."**

Defendant's own Motion makes it clear that Defendant understood the nature of

Plaintiffs' Complaint when in the second paragraph of her Motion she states:

> This is an action for Copyright Infringement filed on March 11,
> 2008, pursuant to 17 U.S.C. 101 et. seq. for injunctive relief and
> statutory damages for alleged "downloading" of audio music from
> the internet.

(Motion, ¶ 1.) This statement alone establishes Defendant's understanding of Plaintiffs'

Complaint, and therefore, Defendant's Motion should be denied.

Defendant attempts throughout her Motion to suggest that Plaintiffs' Complaint is "vague

and ambiguous." However, much of Defendant's confusion regarding Plaintiffs' Complaint is

due to the fact that Defendant failed to carefully read the Complaint. For example, Defendant

contends repeatedly that Defendant does not know which "copyrights are at issue" or for which

sound recordings Plaintiffs are seeking statutory damages. (Motion, ¶¶ 1, 4-6). Yet, the

Complaint clearly states that Plaintiffs identified Defendant distributing 337 audio files on

Limewire, and that as to all 337, Plaintiffs believe Defendant has "continuously downloaded

and/or distributed" these sound recordings to the public in violation of Plaintiffs' copyright

(Compl. ¶ 14-15.) The Complaint also defines "Copyrighted Recordings" as only those 8 sound

recordings found on Exhibit A, and presently Plaintiffs are seeking statutory damages only for

the sound recordings on Exhibit A.[3] (Compl. ¶¶ 10, 18 and Prayer for Relief ¶ 2.)

Defendant also feigns confusion as to which exclusive rights under the Copyright Act

---

[3] Plaintiffs reserve the right to add additional works as the case progresses and as
discovery warrants.

Plaintiffs have alleged Defendant violated, (Motion, ¶¶ 9-10), and whether Plaintiffs are alleging

Defendant is a direct infringer. (*Id.* at ¶¶ 11.) However, Plaintiffs specifically allege that

Defendant's actions violated their exclusive rights of reproduction and distribution,[4] (Compl. ¶¶

11,14), and that Defendant directly infringed Plaintiffs' copyrighted sound recordings. (*Id.* at

¶14.)

## B. Plaintiffs Adequately Pled the Two Elements of Copyright Infringement.

To state a claim for copyright infringement, Plaintiffs *need only allege*: (1) that they own

valid copyrights, and (2) that Defendant violated one or more of the exclusive rights in

17 U.S.C. § 106 by, for example, copying or distributing Plaintiffs' copyrighted works. *See Kay*

*Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005) (citing *Dunn & Bradstreet*

*Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002)); *see also Feist*

---

[4] Defendant suggests that Plaintiffs' exclusive rights of reproduction and distribution do not extend to a "non-tangible non-fixed 'digital audio file.'" (Motion, ¶ 10)  Defendant also suggests that there is no exclusive right of "making available." Defendant, however, does not provide any authority for either of these statements, and is quite simply, wrong. Numerous courts across the country have found that the unauthorized transmission of electronic files over the Internet and over P2P networks implicates the exclusive right of distribution. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 125 S.Ct. 2764, 2782 (2005) (The Court found the propagators of P2P file-sharing software to be secondarily liable for the direct infringement of their users, in part, by concluding that the electronic transmission of copyrighted material violated the distribution right.); *accord In re Aimster Copyright Litigation*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2007)(holding that file-swapping, which involves the making and transmitting of a digital copy of music, infringes copyrights); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001). Numerous courts, including this one, have also found that making plaintiffs' copyrighted works available to others to copy violates plaintiffs' exclusive right of distribution. *See Motown Record Co. v. DePietro,* Civil No. 04-CV-2246, 2007 U.S. Dist. LEXIS 11626, *13 n.38 (E.D. Pa. Feb. 16, 2007)(This court concluded that "17 U.S.C. § 106 encompasses such a right [of making available] based on its reading of the statute, the important decision in *A&M Records, Inc. v. Napster, Inc. . . .*, and the opinion offered by the Register of Copyrights, Marybeth Peters . . . ."); *Napster*, 239 F.3d at 1014 ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights.").

*Pub., Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361 (1991) ("To establish infringement,

two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent

elements of the work that are original."); 4 Melville Nimmer & David Nimmer, NIMMER ON

COPYRIGHT § 13.01, at 13-5 & n.4 (2002) ("Reduced to most fundamental terms, there are only

two elements necessary to the plaintiff's case in an infringement action: ownership of the

copyright by the plaintiff and copying [or public distribution or public display] by the

defendant.").

In their Complaint, Plaintiffs allege that they own or control the exclusive rights to

copyrights in the eight sound recordings identified in Exhibit A to the Complaint, all of which

have been properly registered with the United States Copyright Office (the "Copyrighted Sound

Recordings"). (Compl. at ¶ 10 and Ex. A thereto.) Plaintiffs further allege that Defendant

violated Plaintiffs' copyrights by using an online media distribution system to download (i.e.,

copy) and distribute the Copyrighted Sound Recordings over the Internet, that Defendant's

conduct "violated Plaintiffs' exclusive rights of reproduction and distribution," and that these

infringements were continuous. (Compl. at ¶ 14.) Specifically, Plaintiffs' Complaint states:

> Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at
> IP address 71.185.73.209 on June 13, 2007 at 09:39:07 EDT distributing 337
> audio files over the Internet. The Defendant was identified as the individual
> responsible for that IP address at that date and time. Plaintiffs are informed and
> believe that as of June 13, 2007, Defendant, without the permission or consent of
> Plaintiffs, had continuously used, and continued to use, a P2P network to
> download and/or distribute to the public the Copyrighted Recordings. *Exhibit A*
> *identifies the date and time of capture and a list of Copyrighted Recordings that*
> *Defendant has, without the permission or consent of Plaintiffs, downloaded*
> *and/or distributed to the public. Through Defendant's continuous and ongoing*
> *acts of downloading and/or distributing to the public the Copyrighted*
> *Recordings, which acts Plaintiffs believe to have been ongoing for some time,*
> *Defendant has violated Plaintiffs' exclusive rights of reproduction and*
> *distribution.* Defendant's actions constitute infringement of Plaintiffs' copyrights
> and exclusive rights under copyright.

(Compl. at ¶ 14) (emphasis added).

10

#241351 v1

Thus, Plaintiffs have adequately alleged the requisite elements of a claim for copyright infringement. Plaintiffs also alleged the specific acts by which copyright infringement took place, namely, the reproduction and/or distribution of the 8 defined Copyrighted Recordings using the LimeWire file-sharing service on the Gnutella P2P network at a specifically defined IP address and at a specific date and time. (*Id.*)

Moreover, Plaintiffs have gone far beyond mere allegations by detailing evidence that Plaintiffs gathered concerning the hundreds of files being distributed by Defendant. (*Id.*) Specifically, Plaintiffs allege the P2P network used by Defendant to infringe Plaintiffs' copyrights, the manner by which Defendant infringed Plaintiffs' copyrights, the IP address through which the infringement occurred, and provided a detailed list of the works that Defendant has infringed. (*Id*. at ¶¶ 13-15 and Ex. A thereto.)

Finally, every court to have ruled on the sufficiency of similar complaints brought by the record companies in other cases has found Plaintiffs' complaint to be sufficient. *See e.g.*, *Atlantic Recording Corp. v. Serrano*, Case No. 07-cv-01824-W-JMA, slip op. at 5 (S.D. Cal. Dec. 28, 2007) (denying motion to dismiss under *Twombly*, finding "Plaintiffs supply more than enough information to give Defendant fair notice of who owns the copyrights and how and when Defendant allegedly infringed them.");[5] *LaFace Records, LLC v. Does 1-5*, Case No. 07-cv-187, slip op. at 12 (W.D. Mich. Feb. 22, 2008) (denying defendant's motion to dismiss, finding "Under the standard recently established by the United States Supreme Court, the complaint alleges sufficient facts to raise the right to relief above the speculative level."); *LaFace Records, LLC v. Does 1-38*, Case No. 07-cv-00298-BR, slip op. at 3 (E.D.N.C. Feb. 27, 2008) ("Plaintiffs have . . . sufficiently stated a claim and supplied a factual basis for copyright infringement.");

---

[5] All unpublished opinions are attached hereto as Exhibit A.

11

*Arista Records LLC. v. Greubel*, 453 F. Supp. 2d 961, 971-972 (N.D. Tex. 2006) ("Plaintiffs'

pleading provides a short and plain statement that alleges both their copyright ownership and

violation of one or more of the exclusive rights identified in 17 U.S.C. § 106"); *Warner Bros.*

*Records Inc. v. Duarte*, No. SA-06-CV-615, slip op. at 4 (W.D. Tex. May 2, 2007) (plaintiffs'

evidence confirms that "plaintiffs are the owners of the copyrighted material, the infringement

originated from [defendant's] Internet account . . . and infringement occurred within three years

of the filing of this lawsuit"); *Interscope Records, v. Duty*, 2006 U.S. Dist. LEXIS 20214 at *6

(D. Ariz. Apr. 14, 2006) (denying motion to dismiss and finding plaintiffs' complaint to be

sufficient).

## C. The Information Requested by Defendant in her Motion Was Not Necessary to Plead a Claim of Copyright Infringement and Much of It Was Specifically Alleged in the Complaint.

As set forth above, Plaintiffs' Complaint has specifically alleged the necessary elements

of a claim for copyright infringement, as well as pled detailed factual allegations in support of

their cause of action. For this reason, none of the additional information Defendant requests in

her Motion was necessary to Plaintiffs' Complaint. (Motion, ¶ 13(a-g).)

Defendant contends that Plaintiffs should have provided Defendant in the Complaint (1) a

list of the 337 sound recordings referenced in the Complaint, (*Id.* at ¶ 13(a)); and (2) the

Certificates of Registration for the sound recordings for which Plaintiffs seek statutory damages.

(*Id.* at ¶13(b).) However, Plaintiffs' Complaint adequately alleges a claim of copyright

infringement and provides copyright registration numbers[6] (SR#) for the eight sound recordings

identified on Exhibit A and for which Plaintiffs are seeking statutory damages. *See Foraste v.*

---

[6] Using the SR#'s provided, Defendant could have accessed the Certificates of Registration for Plaintiffs' copyrighted sound recordings by searching the database of the U.S. Copyright Office that can be accessed at http://www.copyright.gov/records/.

*Brown Unv.*, 248 F. Supp. 2d 71, 77 (D. R.I. March 7, 2003)("[A]llegations of copyright registration in the Amended Complaint are sufficient to give Foraste standing and to confer subject matter jurisdiction on this Court.")  Moreover, Defendant provides the Court with no authority supporting his bald assertion that such information must be provided in the Complaint. This information is properly the subject of discovery and has already been provided by Plaintiffs to Defendant.

Defendant next contends that Plaintiffs do not allege which exclusive rights, granted to them under the Copyright Act, were violated by the Defendant.  (*Id.* at ¶ 13(c).)  This is simply incorrect.  Plaintiffs specifically allege in the Complaint that Defendant's conduct violated Plaintiffs' exclusive rights of reproduction and distribution.  (Compl. ¶ 14.).  Similarly, Defendant's assertion that Plaintiffs fail to allege the nature of the infringement at issue is incorrect.  Plaintiffs' Complaint alleges downloading and distribution by Defendant, both of which constitute direct copyright infringement.  (Compl. ¶ 14.)  The Defendant was identified by her Internet Service Provider ("ISP") as the individual responsible for the IP address identified in the Complaint, (Compl. ¶ 14), however, Plaintiffs were under no obligation to attach that information to their Complaint and that information is properly provided in Plaintiffs' Initial Disclosures.[7]

Finally, Plaintiffs allege in their Complaint that Defendant's acts of copyright infringement were "willful and intentional."  (Compl. ¶ 17.)  This allegation is made on information and belief that Defendant knew downloading and/or distributing of Plaintiffs' sound recordings was a violation of their copyright and that the illegality of downloading and

---

[7] As a matter of courtesy, and in an attempt to avoid burdening the Court with unnecessary motion practice, Plaintiffs have already provided Verizon's subpoena response to Defendant.

distributing Plaintiffs' copyrighted sound recordings over the Internet was well known and widely publicized. However, Defendant's knowledge is in the exclusive possession of the Defendant, therefore, additional information can only be obtained once Plaintiffs have an opportunity to conduct discovery and is not necessary to state a claim under *Twombly*.

Plaintiffs adequately pled a claim of copyright infringement and Plaintiffs' Complaint is more than sufficient under *Twombly,* therefore, Defendant has no basis for requesting additional information at the pleading stage and Defendant's Motion should be denied.

## III.    DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT IS MOOT BECAUSE PLAINTIFFS PRODUCED TO DEFENDANT THE ADDITIONAL INFORMATION REQUESTED.

Finally, while Defendant should not be allowed to use a Rule 12(e) Motion to conduct discovery, Plaintiffs voluntarily produced all the information Defendant was requesting in her Motion, including the following:

1.    A list of all 337 sound recording - Cloud D (ED PA)0789-801

2.    Certificates of Registration and chain of title documents – Cloud D (ED PA)0017-34; 0859-1530

3.    Subpoena response from Defendant's ISP - Cloud D (ED PA)0014-15.

Moreover, Plaintiffs' production was not limited the requested information. Plaintiffs produced to Defendant all Plaintiffs' documents that would have been identified in Plaintiffs' Initial Disclosures. Because Plaintiffs' have given Defendant all of the additional information requested, Defendant's requested relief is moot.

## CONCLUSION

Based on the foregoing, Plaintiffs request that Defendant's Motion for More Definite Statement be denied because Plaintiffs' Complaint is sufficient under *Twombly* and Rule 8(a), moreover, the additional information Defendant is seeking has already been produced by

14

Plaintiffs and is more appropriately sought during the course of discovery.

s/Geoffrey L. Beauchamp
Geoffrey L. Beauchamp, Esq.
Geoffrey L. Beauchamp, P.C.
1015 York Road
Willow Grove, PA 19090
Telephone: (267) 781-0615
Facsimile: (215) 706-0895
Attorney I.D. No. 40380

Date: 6/6/08

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 6, 2008, a copy of the foregoing

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR MORE DEFINITE**

**STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)** was served upon the Defendant via

United States Mail at the following address:

Lawrence E. Feldman, Esq.
Lawrence E. Feldman & Associates
432 Tulphocken Avenue
Elkins Park, PA 19027

☐   U.S. Mail, postage prepaid
☐   Hand Delivery
☐   Fax (   #   )
☐   Overnight courier
☒   Electronically via CM/ECF

s/Geoffrey L. Beauchamp
Geoffrey L. Beauchamp, Esq.
Geoffrey L. Beauchamp, P.C.
1015 York Road
Willow Grove, PA  19090
Telephone: (267) 781-0615
Facsimile:  (215) 706-0895
Attorney I.D. No. 40380

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>DENISE CLOUD,<br><br>Defendant. | Case No. 2:08 CV 01200 WY |

## [Proposed] ORDER DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

This matter comes before the Court on the Defendant's Motion for More Definite

Statement Pursuant to Fed. R. Civ. P. 12(e) and Plaintiffs' Response in opposition thereto.

Having reviewed both Defendant's Motion and Plaintiffs' Response, the Court DENIES

Defendant's Motion for More Definite Statement IS DENIED and this Court Finds Plaintiffs'

Complaint to be sufficient under *Twombly* and Rule 8(a).

**AND IT IS SO ORDERED.**

**Date:** _____          **BY THE COURT**


_____

**Honorable Cynthia M. Rufe, J.**

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10



FILED

'07 DEC 28 PM 1:04

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                       DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11   ATLANTIC RECORDING                    CASE NO. 07-CV-1824 W (JMA)
     CORPORATION, et.al.,

12                                          ORDER (1) DENYING
                              Plaintiffs,   DEFENDANT'S MOTION TO
13       vs.                                DISMISS OR FOR MORE
                                            DEFINITE STATEMENT (Doc.
14                                          Nos. 6, 8); (2) GRANTING
                                            PLAINTIFFS' MOTION TO
15   CHARLES SERRANO,                       DISMISS DEFENDANT'S
                                            COUNTERCLAIMS (Doc. No.
16                              Defendant.  10.)

17

18         On September 18, 2007 Plaintiff Atlantic Recording Company and other large

19   copyright holding companies (collectively, "Plaintiffs") commenced this action against

20   Defendant Charles Serrano ("Defendant") alleging copyright infringement. (Doc. No.

21   1.) On October 19, 2007 Defendant counterclaimed seeking declaratory relief of non-

22   infringement and alleging trespass, computer fraud, invasion of privacy, and intentional

23   infliction of emotional distress. (Doc. No. 7.) Pending before the Court are Defendant's

24   motion to dismiss or for more definite statement (Doc. Nos. 6, 8) and Plaintiffs' motion

25   to dismiss Defendant's counterclaims. (Doc. No. 10.)  The Court decides these matters

26   on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1).

27   For the following reasons, the Court DENIES Defendant's motion to dismiss or for

28   more definite statement, and GRANTS Plaintiffs' motion to dismiss.

07cv1824W

## I. BACKGROUND

Plaintiffs are a collection of music and recording companies which own the exclusive rights to reproduce and distribute certain copyrighted music. (*Compl.* ¶¶ 4-15, *Ex. A.*) Media Sentry, Inc., ("Media Sentry") appears to be an "online investigation" company Plaintiffs routinely hire to investigate and collect electronic evidence of copyright infringement. (*Counterlcl.* ¶ 43.) Defendant is an individual residing in El Cajon, California. (*Compl.* ¶ 12.)

Peer-to-peer ("P2P") computer networks allow Internet users to search for files stored on other users' computers and transfer exact copies of files from one computer to another. (*Compl.* ¶ 16.) Users of P2P networks can be identified by their Internet Protocol ("IP") addresses because each computer or network device that connects to a P2P network must have a unique IP address within the Internet to deliver files from one computer or network device to another. (*Id.* ¶ 17.)

On February 8, 2007 at 18:47:06 EST Plaintiffs allegedly identified an individual using a P2P network at IP address 69.237.185.46. (*Id.* ¶ 18.) This individual allegedly distributed 224 audio files over the Internet, including files containing Plaintiffs' copyrighted audio. (*Id.*) After filing a "Doe" complaint and subpoenaing the appropriate Internet Service Provider ("ISP"), Plaintiffs identified Defendant Charles Serrano as the individual responsible for that IP address at that date and time. (*Id.*; *Pls.' Opp'n* 2-3.)

On September 18, 2007 Plaintiffs filed suit against Defendant alleging copyright infringement. (Doc. No. 1) On October 19, 2007 Defendant moved under Rule 12(b)(6)[1] to dismiss Plaintiffs' complaint for failure to state a claim, or alternatively moved under Rule 12(e) for a more definite statement. (Doc. No. 6.) Also on October 19, 2007 Defendant counterclaimed seeking declaratory relief of non-infringement and alleging trespass, computer fraud, invasion of privacy, and intentional infliction of emotional distress. (Doc. No. 7.) On November 5, 2007 Plaintiffs opposed Defendant's motion to dismiss. (Doc. No. 9.) On November 8, 2007 Plaintiffs moved under Rule

---

[1]Unless otherwise noted, each "Rule" refers to the Federal Rules of Civil Procedure.

07cv1824W

1   12(b)(6) to dismiss Defendant's counterclaims for failure to state a claim. (Doc. No. 10.)

2   On November 26, 2007 Defendant timely opposed Plaintiffs' motion to dismiss. (Doc.

3   No. 13.) This Court's Order shall resolve both parties' Rule 12(b)(6) motions to dismiss.

4

5   II.    LEGAL STANDARD

6       A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See

7   North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983).

8   Dismissal of a claim according to this rule is proper only in "extraordinary" cases.

9   United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). A complaint may

10   be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or

11   (2) insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds,

12   Inc., 749 F.2d 530, 534 (9th Cir. 1984).

13       As the Supreme Court recently explained, "[w]hile a complaint attacked by a

14   Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

15   obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

16   and conclusions, and a formulaic recitation of the elements of a cause of action will not

17   do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Rather, the

18   allegations in the complaint "must be enough to raise a right to relief above the

19   speculative level." Id. at 1964–65. Additionally, all material allegations in the

20   complaint, "even if doubtful in fact," are assumed to be true. Id. The court must

21   assume the truth of all factual allegations and must "construe them in the light most

22   favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th

23   Cir. 2002). The complaint and all reasonable inferences therefrom are construed in the

24   plaintiff's favor. Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th

25   Cir. 1996). Nevertheless, conclusory legal allegations and unwarranted inferences are

26   insufficient to defeat a motion to dismiss. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir.

27   2001).

28   ///

1   III.   DISCUSSION

2         A.   PLAINTIFFS' COMPLAINT STATES A COGNIZABLE COPYRIGHT

3              INFRINGEMENT CLAIM

4         Defendants argue that Plaintiffs' Complaint lacks the specificity required to state

5   a copyright infringement claim. (*Def.'s Mot. to Dismiss* 8-10.) Defendants also allege that

6   they cannot be held liable for infringing Plaintiffs' exclusive copyright distribution rights

7   because 17 U.S.C. § 106(3) does not apply to electronic transmissions. (*Id.* 11-15.) In

8   the alternative, Defendants move for a more definite statement.

9         In opposition, Plaintiffs argue that their Complaint falls within Rule 8's lenient

10  pleading standards. (*Pls.' Opp'n* 5.) Moreover, Plaintiffs feel that the Complaint and

11  attached exhibit allege specific facts needed to support a copyright infringement claim,

12  and that numerous courts have denied motions to dismiss complaints containing similar

13  factual allegations. (*Id.* 4-9.) Plaintiffs also contend that Defendant's 17 U.S.C. § 106(3)

14  argument is unsupported by law or policy. (*Id.* 9-16.)

15        The Court agrees.

16        To establish a copyright infringement claim, plaintiffs must allege (1) that they own

17  valid copyrights and (2) that defendant copied constituent elements of the work that are

18  original. Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991). Federal

19  Rule of Civil Procedure 8(a) requires that a complaint include a short and plain

20  statement of the claim showing that the pleader is entitled to relief. Such a statement

21  must simply give the defendant fair notice of what the plaintiff's claim is and the grounds

22  upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

23        Plaintiffs have alleged adequate facts to state a copyright infringement claim and

24  survive a Rule 12(b)(6) motion to dismiss. Plaintiffs' Exhibit A specifically alleges the

25  ownership of or exclusive rights to 10 copyrighted recordings and lists the registration

26  number for each one. (*Compl. Ex. A.*) Although Plaintiffs ultimately seek damages for

27  224 instances of copyright infringement, a partial list of 10 is appropriate notice for

28  Defendant at this stage of the proceedings. See Arista Records LLC v. Greubel, 453 F.

1 | Supp. 2d 961, 965-66 (N.D. Tex. 2006) (holding partial list sufficient because specific
2 | information on the copyrights at stake could be obtained through discovery); Interscope
3 | Records v. Duty, No. 05-cv-3744-PHX-FJM, 2006 U.S. Dist. LEXIS 20214, at *6 (D. Ariz.
4 | April 14, 2006) (same).

5 |      Plaintiffs have also adequately alleged Defendant's infringing activity. Specifically,
6 | Plaintiffs' Complaint identifies the time, place, IP address, internet programs, and audio
7 | files that comprised Defendant's alleged infringement. (Compl. ¶¶ 16-18, Ex. A.) Taken
8 | together, Plaintiffs supply more than enough information to give Defendant fair notice
9 | of who owns the copyrights and how and when Defendant allegedly infringed them.
10 | Defendant's boilerplate Motion fails to address the actual facts alleged in Plaintiffs'
11 | Complaint and amounts to little more than a collection of conclusory legal statements.[2]

12 |      Defendant's remaining arguments about 17 U.S.C. § 106(3)'s applicability to
13 | electronic transmissions are unsupported by law and run contrary to the policies
14 | underlying the application of copyright law to internet communications. Section 106(3)
15 | gives a copyright owner the exclusive right to distribute copies or phonorecords of the
16 | copyrighted work by sale, lease, or lend. 17 U.S.C. § 106(3) (2006). Both the Supreme
17 | Court and Ninth Circuit have held that the unauthorized transmission of electronic files
18 | over the internet implicates the exclusive right of distribution, and it is tough to imagine
19 | that downloading music without permission violates copyright law while uploading music
20 | without permission does not. See N.Y. Times Co. v. Tasini, 533 U.S 483, 498 (2001)
21 | (assuming that the act of electronically selling articles falls within § 106(3)); A&M
22 | Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013-14 (9th Cir. 2001) (holding that

---

[2]Although Defendant accuses big recording companies of using boilerplate complaints to extort small defendants, the Court suggests that Defendant's counsel take better care proofreading his own papers before filing future motions with this Court, especially when it comes to identifying the client counsel purports to represent. (See Def.'s Mot. 6.) Given Defendant's numerous mistakes and generalized arguments in support of this motion, the Court reminds Defendant that non-frivolous arguments submitted in a prior case can become frivolous when applied to the instant action.

07cv1824W

1   Napster customers infringed distribution rights by downloading and uploading music).[3]
2   At any rate, Plaintiffs' Complaint properly alleges a claim for infringing 17 U.S.C. §
3   106(1)'s exclusive right of reproduction.

4       In conclusion, Plaintiffs' Complaint alleges facts with sufficient particularity to
5   establish a copyright infringement claim. Furthermore, the facts Plaintiffs allege are
6   sufficiently detailed and give Defendant ample notice of which recordings, which acts,
7   and which computer programs were used to infringe. (*See Compl.* ¶¶ 16-18.) Therefore,
8   Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion for More Definite
9   Statement is also **DENIED**.

10

11          B.    DEFENDANT'S COUNTERCLAIMS

12      As discussed above, Defendant has counterclaimed for declaratory relief, trespass,
13   computer fraud, invasion of privacy, and intentional infliction of emotional distress.
14   Plaintiffs move to dismiss each claim and the Court shall address each cause of action
15   in turn. The same "notice pleading" standard applies to counterclaims as to original
16   claims. Fed. R. Civ. P. 8(a); see Swierkiewicz 534 U.S. at 512.

17

18          i.    *Declaratory Judgment of Non-Infringment*

19      Defendant's first counterclaim seeks a declaratory judgment of non-infringement
20   because Defendant allegedly did nothing improper regarding Plaintiffs' copyrighted
21   materials. (*Countercl.* ¶¶ 35, 37, 41.) Plaintiffs argue that this claim is merely redundant
22   of Plaintiffs' copyright infringement claim, and should be dismissed. (*Pls.' Mot.* 3-5.)
23   Defendant does not counter Plaintiffs' argument.

24      Courts often dismiss "mirror image" counterclaims where they merely restate
25   issues already before the court as part of a plaintiff's affirmative case. See, e.g., Avery
26   Dennison Corp. v. Acco Brands, Inc., 2000 U.S. Dist. LEXIS 3938, at *12 (C.D. Cal.

27

28      [3]Defendants also argue that simply making copyrighted works available does not violate
the right of distribution. (*Def.'s Mot.* 13-14.) Plaintiffs, however, go beyond alleging that
Defendant merely made the works available; Plaintiffs allege that Defendant actually uploaded
or downloaded the copyrighted works in question. (*Compl.* ¶ 18.)

1   February 22, 2000). Numerous courts have dismissed declaratory relief counterclaims

2   in electronic copyright infringement actions where the question of whether defendant

3   infringed plaintiff's rights will be decided by plaintiff's claim. See, e.g., Duty, No. 05-cv-

4   3744-PHX-FJM, 2006 U.S. Dist. LEXIS 20214, at *10-11.

5        Plaintiffs' sole claim is that Defendant committed copyright infringement by

6   downloading and/or uploading copyrighted audio. Defendant counterclaims seeking a

7   declaratory judgment that, based on the occurrence or non-occurrence of these same acts,

8   he did not commit copyright infringement. Even without Defendant's declaratory relief

9   claim, the Court will decide the common copyright infringement issue unless the parties

10  settle or Plaintiffs withdraw their Complaint. Because at this time Defendant's

11  declaratory judgment claim is redundant and unnecessary, the Court **GRANTS**

12  Plaintiffs' Motion and **DISMISSES WITHOUT PREJUDICE** Defendant's first claim.

13

14

15           ii.   *Trespass*

16       Defendant's second counterclaim generally alleges trespass, which his Opposition

17  refines to trespass to chattels. (*Countercl.* ¶¶ 42-50; *Def.'s Opp'n* 3-4.) Specifically,

18  Defendant alleges that Media Sentry, Plaintiffs' agent, committed trespass by searching

19  Defendant's computer without permission. (*Countercl.* ¶¶ 43-44.)

20       Plaintiffs argue that Defendant's Counterclaim does not allege any computer

21  damage or interference, and thus fails to state a necessary element of trespass to chattels.

22  (*Pls.' Mot.* 5-6.) Defendant argues that, under California law, he is not required to allege

23  "substantial interference" with possession to state a valid trespass action. (*Def.'s Opp'n*

24  3-4.)

25       Trespass to chattels occurs where an intentional interference with the possession

26  of personal property has proximately caused injury. Intel Corp. v. Hamidi, 71 P.3d 296,

27  302 (Cal. 2003). Under California law, the tort does not encompass an electronic

28  communication that neither damages the recipient computer system nor impairs its

functioning. Id. at 300. This is because such an electronic communication does not

1 | interfere with the possessor's use or possession of the personal property itself. Id.

2 | However, when the specter of many electronic communications seriously threatens
3 | a computer system's integrity—such as repeated, automated activity from robotic data
4 | collection services—a trespass to chattels action may lie. Id. at 305-06 (discussing eBay,
5 | Inc. v. Bidder's Edge, Inc., 100 F. Supp. 2d 1058 (N.D. Cal. 2000) and related cases).
6 | In eBay and related cases, each plaintiff operated a high profile commercial web site
7 | subject to attack by spammers or information-collecting robots.[4] Intel, 71 P.3d at 305-06.
8 | The courts held that the plaintiffs stated trespass claims even though the plaintiffs could
9 | not show substantial, actual interference with the intended functioning of the computer
10 | system. Id. The courts found it sufficient that if other operators of parasitic websites
11 | widely replicated the defendants' conduct, the plaintiffs' business and computer
12 | operations would surely suffer. Id.; but c.f. Ticketmaster Corp. v. Tickets. com, Inc., No.
13 | 99CV7654, 2000 U.S. Dist. LEXIS 12987, at *17 (C.D. Cal. Aug. 10, 2000) (holding no
14 | actionable trespass where defendant's use of plaintiff's computer system was very small
15 | and there was "[no] specter of dozens or more parasites joining the fray, the cumulative
16 | total of which could affect the operation of [the plaintiff's] business.").

17 | Defendant states that he suffered "embarrassment, anxiety, mental distress,
18 | emotional pain and suffering, inconvenience and financial distress" due to Plaintiffs'
19 | alleged trespass. (Countercl. ¶ 47.) Nowhere does Defendant state that he suffered
20 | damage to his computer or that Plaintiff somehow interfered with his right to possess the
21 | machine. Unlike Ebay, Defendant does not operate a web-based business and it appears
22 | unlikely that automated data collection services threaten to overwhelm his personal
23 | computer. In short, Defendants have merely alleged an electronic communication that
24 | neither damaged the recipient computer system nor impaired its functioning. See Intel,

25 |

26 | [4] A spammer is a term for a person or automated process that sends unwanted or
inappropriate electronic mail to multiple recipients, often advertisements. Webster's New
27 | Millenium Dictionary of English, Preview Edition (v. 0.9.7), available at
http://dictionary.reference.com/browse/spammer (last visited December 10, 2007).

28 | Data search and collection robots are programs designed to rapidly search numerous
websites collecting, retrieving, and indexing information. The information collected is useed to
create searchable databases and comparison shopping searches. Intel Corp. v. Hamidi, 71 P.3d
305 n.4 (Cal. 2003).

1  71 P.3d at 302. The California Supreme Court has clearly held that such conduct is not
2  actionable under trespass to chattels; accordingly, the Court **GRANTS** Plaintiffs' Motion
3  to Dismiss and **DISMISSES WITHOUT PREJUDICE** Defendant's second claim for
4  trespass.

5

6            iii.    *Violation of Computer Fraud and Abuse Act*

7            Defendant's thir d claim is for Computer Fraud and Abuse Act ("CFAA")
8  violations, alleging that Media Sentry unlawfully gained access to his computer to secretly
9  spy and steal private information. (*Countercl.* ¶ 53-55.)  Plaintiffs argue that no CFAA
10 claim exists because Defendant implicitly authorized the public to access his computer
11 by placing files in a "shared" folder. (*Pls.' Mot.* 8-9.) Additionally, Plaintiffs argue that
12 Defendant's claim does not allege specific facts in support of their CFAA theory.  (*Id.*)
13 Defendants respond with a classic fishing line: "[w]hether plaintiffs' software agents
14 violated the law is an issue to be explored in discovery and determined by the finder of
15 fact." (*Def.'s Mot.* 4.)

16           Defendant's Counterclaim does not allege facts sufficient to put Plaintiffs on
17 notice of a CFAA violation. See Swierkiewicz, 534 U.S. at 512.  Defendant generally
18 alleges that Media Sentry secretly gained access to information and used it for personal
19 gain.  (*See Compl.* ¶¶ 52-55.)  However, Defendant fails to allege (1) when or how
20 Plaintiffs allegedly broke into his computer; (2) when or how Plaintiffs allegedly spied on
21 his private information; (3) what private information was spied on; (4) when or how
22 Plaintiffs removed private information; (5) what private information was removed; (6)
23 what files were inspected, copied, or removed; (7) when or how any files were inspected,
24 copied, or removed; (8) how Plaintiffs appropriated or profited from Defendant's
25 personal property; and/or (9) how Defendant's data was harmed or compromised. Even
26 viewing the Counterclaim's meager allegations in Defendant's favor, the Court can only
27 speculate as to what may have transpired and how Defendant is entitled to relief.

28           Even assuming Defendant bases the CFAA claim on the events described in
Plaintiffs' Complaint, nothing indicates that Plaintiffs secretly accessed any information.

07cv1824W

1  Rather, Plaintiffs allege that they observed an individual using LimeWire on the P2P

2  network Gnutella– activity which is public and trackable.  See LimeWire: Copyright

3  Information, http://www.limewire.com/about/copyright.php (last visited December 10,

4  2007) (stating that "everything [the user] share[s] with LimeWire becomes public and

5  trackable").

6       Ultimately, Defendant's third claim must fail because it does not put Plaintiff on

7  notice of how and when Plaintiff violated the CFAA, how Defendant was harmed, and

8  the grounds under which Defendant seeks relief.  Simply, there are insufficient facts in

9  support of a CFAA violation and Defendant does not raise the right to relief above a

10  speculative level.[5]  Accordingly, Plaintiffs' Motion to Dismiss the third claim is

11  **GRANTED** and Defendant's third claim is **DISMISSED WITHOUT PREJUDICE**.

12

13       iv.  *Invasion of Privacy*

14       Defendant's fourth claim is for invasion of privacy, alleging that Plaintiffs obtained

15  Defendant's private information relating to Defendant's ISP account through the use of

16  unlawful *ex parte* communications with the court.  (*Countercl.* ¶¶ 56-58.)  Plaintiff argues

17  that Defendant does not adequately allege facts on which invasion of privacy theory he

18  depends on and, at any rate, Plaintiffs' actions are protected under federal and California

19  privilege law.  (*Pls.' Mot.* 10-15.)  Defendant's Opposition refines his invasion of privacy

20  theory to "intrusion upon seclusion."  (*Def.'s Opp'n* 5.)

21       California recognizes several forms of invasion of privacy, including (1) intrusion

22  upon seclusion; (2) public disclosure of private facts; (3) false light; and (4) appropriation

23

24       [5]Neither Plaintiffs' Complaint nor Defendant's Counterclaim alleges whether or not

25  Defendant used a "shared folder" on his computer, which would thus moot non-authorization
     defenses and destroy expectations of privacy.  See Columbia Pictures, Inc. v. Bunnell, 245 F.R.D.

26  443, ___ (C.D. Cal. 2007) (holding that even if users are engaged in legal file sharing, they have
     little to no expectation of privacy because they are broadcasting their identifying information to

27  the file-sharing public), In re Verizon Internet Servs., 257 F. Supp. 2d 244, 267 (D.D.C. 2003)
     (stating that it is "hard to understand" what privacy expectation a computer user retains after

28  granting access to a shared folder).  Whether LimeWire and Gnutella necessarily or always require
     a shared folder and whether Defendant's alleged infringement involved a shared folder is unclear
     and, regardless, the Court finds that Defendant has failed to allege facts on which CFAA relief
     can be granted.

07cv1824W

1  of name and likeness. <u>Shulman v. Group W Prods.</u>, 955 P.2d 469, 477-48, 478 n.4 (Cal.

2  1998). The action for intrusion upon seclusion has two elements: (i) intrusion into a

3  private place, conversation or matter (ii) in a manner highly offensive to a reasonable

4  person. <u>Shulman</u>, 955 P.2d at 490.

5       In a P2P copyright infringement suit, plaintiffs typically file a complaint against

6  a "Doe" defendant because plaintiffs usually have an infringing computer's IP address,

7  but not who owns or uses the computer. Plaintiffs will then obtain the Doe's true

8  identity by moving for immediate discovery to subpoena an ISP for the name associated

9  with the IP address. <u>BMG Music v. Does,</u> No. 06-CV-1579-MHP, 2006 U.S. Dist. LEXIS

10  53237, at *3-4 (N.D. Cal. July 31, 2006) (citing cases). The subpoena can be issued on

11  a prima facie showing of actionable harm. <u>Id.</u>

12       California has a broad litigation privilege protecting communications made in

13  judicial proceedings, in any official proceeding authorized by law, and in the initiation

14  or course of any proceeding authorized by law. Cal. Civ. Code. § 47(b); <u>Flores v.</u>

15  <u>Emerich & Fike</u>, 416 F. Supp. 2d 885 (E.D. Cal. 2006) (holding that the privilege

16  extends to any communication that bears some relation to any ongoing or anticipated

17  lawsuit). Information and records produced under a subpoena have been held to be

18  absolutely privileged. <u>See, e.g.</u>, <u>Kelly v. Daro</u>, 118 P.2d 37 (Cal. Ct. App. 1941). The

19  litigation privilege codified in Cal. Civ. Code § 47 applies to the tort of invasion of

20  privacy. <u>Kimmel v. Goland</u>, 793 P.2d 524 (Cal. 1990).

21       As a threshold matter, Defendant waffles on the facts and events underlying his

22  invasion of privacy claim. Defendant's Counterclaim alleges that Plaintiffs invaded his

23  privacy by obtaining his IP address through unlawful <em>ex parte</em> communication with the

24  court. (<em>Countercl.</em> ¶ 57.)[6]  Presumably, Defendant refers to Plaintiffs filing a "Doe"

25  lawsuit and subpoenaing Defendant's ISP. Defendant's Opposition, however, argues that

26  Plaintiffs actually invaded his computer to steal information. (<em>Def.'s Opp'n 5.</em>) As

27

28       [6]To the extent Defendant seeks to support his invasion of privacy claim with the same
   facts alleged under his CFAA claim, such a claim would fail for the same reasons found in Part
   III(B)(iii) of this Order. (<em>See Countercl.</em> ¶¶ 56, 58.)

1 │ Plaintiffs have moved to dismiss Defendant's Counterclaim for failure to state a claim,
2 │ the Court will only look at the Counterclaim's allegations to decide the motion. <u>See</u>
3 │ <u>North Star Int'l</u> 720 F.2d at 581 (holding that inquiry is limited to the content of the
4 │ complaint).

5 │     Defendant's Counterclaim alleges that the invasion of privacy tort took place when
6 │ Plaintiffs obtained private information relating to Defendant's ISP account. (*Countercl.*
7 │ ¶ 57.) Plaintiff obtained this information, however, pursuant to a subpoena served on
8 │ Defendant's ISP. Thus, as in <u>Kelly</u>, the information produced is absolutely privileged.[7]
9 │ Defendant has proffered no facts suggesting that the subpoena was somehow improper
10 │ or invalid. To the extent that Defendant might allege that Plaintiff instead committed
11 │ the tort by *moving* for a court-ordered subpoena, Cal. Civ. Code § 47(b) would clearly
12 │ insulate this type of communication from suit. To the extent that Defendant might
13 │ allege that Plaintiff instead committed the tort when observing Defendant's IP address,
14 │ Plaintiffs originally viewed Defendant's IP address in a forum that was public and
15 │ trackable, <u>i.e.</u> not a private place. Because under no circumstances can Defendant
16 │ establish a right to relief on the facts he alleges, the Court **GRANTS** Plaintiffs' motion
17 │ and **DISMISSES WITHOUT PREJUDICE** Defendant's fourth cause of action.[8]

18 │
19 │         **v.    *Intentional Infliction of Emotional Distress***

20 │     Defendant's fifth claim is for intentional infliction of emotional distress ("IIED"),
21 │ alleging that Plaintiffs' actions have intentionally inflicted emotional distress upon him.

22 │
23 │     [7]Even if Defendant's argument could be construed such that Plaintiff committed the tort
24 │ by merely serving the subpoena on the ISP, it is tough to imagine that the information gained
from a valid subpoena would be privileged while properly serving a valid subpoena would be
tortious.

25 │     [8]To the extent Defendant's invasion of privacy claims rest on public disclosure of private
26 │ facts or false light theories, both of these theories require some sort of "public disclosure" or
"publication." <u>See</u> <u>Sipple v. Chronicle Publ'g Co.</u>, 201 Cal. Rptr. 665, 667 (Cal. Ct. App. 1984)
27 │ (requiring public disclosure), <u>Selleck v. Globe Int'l</u>, 212 Cal. Rptr. 838, 845-46 (Cal. Ct. App.
1985) (implying that publication is essential to stating an actionable false light claim). Because
28 │ Defendants allege no non-privileged communications which could possibly support a "public
disclosure" or "publication" element, these theories fail for the same reasons as Defendant's
intrusion upon seclusion theory. From the information before the Court, an appropriation of
name and likeness theory does not appear actionable or relevant to Defendant's Counterclaim.

1 (*Countercl.* ¶¶ 59-60.) Plaintiff argues that Defendant has failed to state sufficient facts

2 establishing an IIED claim. (*Pls.' Mot.* 16-17.) Defendant does not counter Plaintiffs'

3 arguments.

4         To state an IIED claim, a plaintiff must allege: (1) extreme and outrageous conduct

5 with the intention of causing, or reckless disregard of the probability of causing,

6 emotional distress; (2) plaintiff's suffering severe or extreme emotional distress; and (3)

7 actual and proximate causation of the emotional distress by the defendant's outrageous

8 conduct. Cervantez v. J.C. Penney Co., 595 P.2d 975, 983 (Cal. 1979). Regarding the

9 first element, it must appear that the defendant's conduct was unprivileged. Id. Where

10 the parties agree on the facts, the court may determine in the first instance whether the

11 defendant's conduct may reasonably be regarded as so extreme and outrageous as to

12 permit recovery. Trerice v. Blue Cross of Cal., 257 Cal. Rptr. 338, 340 (Cal. Ct. App.

13 1989).

14         Defendant does not allege any facts tending to show that Plaintiff engaged in

15 conduct outrageous enough to support an IIED claim. To the extent Defendant relies

16 on Plaintiffs' efforts to obtain his identity or enforce its copyrights, the California

17 litigation privilege protects Plaintiffs' communications and court filings. Additionally,

18 viewing Defendant's IP address on a public P2P network and moving for a subpoena on

19 the information found thereon does not constitute outrageous conduct. Because

20 Defendant has not plead sufficient facts in support of an IIED claim, the Court

21 **GRANTS** Plaintiffs' motion and **DISMISSES WITHOUT PREJUDICE** Defendant's

22 fifth cause of action.

23

24 IV.    CONCLUSION

25         Plaintiff has pled sufficient facts to establish a copyright infringement claim.

26 Because the facts are sufficiently detailed to give Defendant notice of how and when he

27 allegedly infringed Plaintiffs' copyrights, the Court **DENIES** Defendant's Motion to

28 Dismiss or For More Definite Statement. (Doc. No. 6.)

        Each of Defendant's Counterclaims fail to state facts upon which relief can be

1 granted or otherwise rely on privileged communications and conduct in trying to
2 establish a cause of action. For the foregoing reasons, the Court **GRANTS** Plaintiffs'
3 Motion (Doc. No. 10) and **DISMISSES WITHOUT PREJUDICE** each of Defendant's
4 claims and Defendant's entire Counterclaim. (Doc. No. 7.)

6     **IT IS SO ORDERED.**

8 Dated: December 2̶7̶, 2007

                      Hon. THOMAS J. WHELAN
                      United States District Court
                      Southern District of California

- 14 -

07cv1824W

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAFACE RECORDS, LLC, a Delaware limited
liability company; ATLANTIC RECORDING
CORPORATION, a Delaware corporation;
BMG MUSIC, a New York general partnership;
CAPITOL RECORDS, INC., a Delaware
corporation; ELEKTRA ENTERTAINMENT
GROUP, INC., a Delaware corporation;
INTERSCOPE RECORDS, a California general
partnership; MAVERICK RECORDING
COMPANY, a California joint venture;
PRIORITY RECORDS, LLC, a California
limited liability company; SONY BMG
MUSIC ENTERTAINMENT, a Delaware
general partnership; UMG RECORDINGS,
INC., a Delaware corporation; and WARNER
BROS. RECORDS, INC., a Delaware
corporation,

                    Plaintiffs,

                                                        Case No. 2:07-cv-187

-v-
                                                        HONORABLE PAUL L. MALONEY

DOES 1 - 5,

                    Defendants.

## OPINION AND ORDER DENYING DEFENDANT DOE #4'S MOTION TO DISMISS COMPLAINT, VACATE DISCOVERY ORDER AND QUASH SUBPOENA ISSUED TO NON-PARTY NMU

This Court has before it Doe #4's Motion to Dismiss Complaint, Vacate Discovery Order and

Quash Subpoena Issued to Non-Party NMU (Dkt. No. 16).

Plaintiffs, various members of the music recording industry, filed a complaint against five

unknown individuals for infringement under the copyright laws of the United States, 17 U.S.C. §

101 *et seq.* With the complaint, Plaintiffs filed an application for leave to take immediate discovery

under Federal Rules of Civil Procedure 26 and 45. On September 27, 2007, this Court granted

Plaintiffs' application and issued an order, under Rule 45, allowing Plaintiffs to subpoena

information from Northern Michigan University (NMU) in order to identify Defendants. The order required NMU to notify the individuals of the subpoena and allowed those individuals to file a motion to quash the subpoena before the return date of the subpoena, November 7, 2007.

Two of the five Does have sought to quash the subpoena.[1] Doe #4 filed the motion now before this Court on November 15, 2007.[2] Having read the briefs, this Court finds oral argument unnecessary to resolve the questions of law presented.

I. BACKGROUND

A. Complaint. Plaintiffs allege Defendant Does used peer-to-peer (P2P) on-line file sharing systems to distribute or download Plaintiffs' copyrighted music. Plaintiffs allege each Doe has, through these P2P websites, downloaded (copied) and distributed (uploaded) copyrighted audio files. Because Defendants do not identify themselves on-line, Plaintiffs' agents download music from the files made available by Defendants in order to capture the internet protocol (IP) addresses for the computer where the files are located. IP addresses are unique to specific computers and are assigned to a computer by the internet service provider (ISP). Plaintiffs use the IP addresses to identify the ISP. Plaintiffs then filed suit against the unknown Defendants and requested a subpoena which would force the ISP, in this case Northern Michigan University, to identify the computer to which the IP address was assigned. By identifying the personal computer used to make the copyrighted audio files available, Plaintiffs can learn the name of the person who owns the computer

---

[1]The other three Does have since been dismissed from the action voluntarily, without prejudice.

[2]On November 2, 2007, Doe #4 filed a motion requesting additional time to file a motion to quash the subpoena and to have the subpoenaed information filed under seal to this Court. The motion was granted.

2

or has been assigned the computer.

B. Subpoena. In the September 9, 2007 opinion and order granting Plaintiffs' request for expedited discovery, this Court found Plaintiffs had established good cause to conduct discovery prior to a Rule 26 hearing and authorized a subpoena under Rule 45. This Court found Plaintiffs established good cause because they had (1) alleged a prima facia case of copyright infringement, (2) alleged that the ISP typically retains activity logs for only a limited period of time, (3) made a narrowly tailored request for information and (4) demonstrated the information was necessary to advance the litigation. Doe #4 now seeks to quash the subpoena and dismiss the action.

II. ANALYSIS

Although the federal courts generally dislike suits filed against an unknown defendant, court have permitted such suits where the identity of the defendant could be ascertained through limited discovery. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (approving of the naming of a Doe defendant unless it was clear that discovery would not reveal the defendant's identity or if the case would be dismissed on other grounds); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (holding dismissal was improper when the Doe defendant was capable of being identified); *Schiff v. Kennedy,* 691 F.2d 196, 197-198 (4th Cir. 1982) (holding the district court erred by dismissing the case because the Doe defendant was a real person who could be identified through discovery); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (holding the use of fictitious names for defendants has become routine and that the complaint should not have been dismissed because the court could have ordered the identities of the unknown parties be provided or allowed plaintiff the opportunity for discovery). The Sixth Circuit Court of Appeals has not addressed this issue in any published opinion, but did reach the same conclusion in an unpublished case. *Yates v. Young*,

3

84-5586 and 85-5701, 1985 WL 13614 (6th Cir. 1985) (unpublished table opinion) ("Although the designation of a 'John Doe" defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery.").

Doe #4's motion requests this Court (1) dismiss the case for failure to serve advance notice of copyright infringement, (2) vacate expedited discovery order for the same reason and because the claim for infringement is improperly filed, and (3) quash the subpoena because it seeks protected information. Defendant does not specifically address the reasons contained in Rule 45 which authorizes a court to quash or modify a subpoena.[3] Defendant does not analyze the complaint under any of the provisions of Rule 12(b). Nevertheless, this Court will endeavor to determine if any of the arguments contained in Defendant's motion offers a valid reason to quash the subpoena or dismiss the complaint.

A. Motion to Quash

Rule 45 authorizes a court to quash or modify a subpoena if the subpoena (1) does not allow a reasonable time for compliance, (2) requires a person who is not a party to the action to travel more than 100 miles, (3) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (4) subjects a person to undue burden. FED. R. CIV. P. 45(c)(3)(A)(i-iv).

Doe #4 offers three arguments in support of his/her motion. First, Doe #4 argues the order should be set aside and the complaint dismissed because Plaintiffs failed to provide advance notice of copyright infringement under 37 C.F.R. § 201.22. This argument does not fall within any of the

_____

[3]This Court unaware of any other authority which authorizes vacating the discovery order (as opposed to quashing the subpoena).

four reasons for a court to quash a subpoena under Rule 45.

Second, Doe #4 argues the order granting the Rule 45 subpoena should be set aside because Plaintiffs misrepresented the authority for granting the subpoena. Doe #4 advances two sub-arguments here. Doe #4 argues the Digital Millennium Copyright Act (DMCA) provides the sole authority available to Plaintiffs for requesting a subpoena. Doe #4 then argues the information sought through the subpoena is protected by the Family Educational Rights & Privacy Act (FERPA).

This Court authorized the subpoena under Federal Rules of Civil Procedure 45 after finding good cause under Rule 26. This Court did not issue the subpoena under either the DMCA or the Cable Communications Policy Act (CCPA)  Furthermore, Plaintiffs did not mislead this Court into relying on the wrong authority. This Court was aware the various opinions cited by Doe #4 on this issue, and even cited them in the order granting Plaintiffs' motion. The limited authority to issue subpoenas under the CCPA and the DMCA is not a reason to quash the subpoena issued in this case under Rule 45. Doe #4 cites no authority supporting the argument that the statutory subpoenas somehow limit the authority provided under Rule 45.

Doe #4 argues the subpoena should be quashed for privacy concerns. This argument falls squarely within one of the reasons a court may quash or modify a subpoena. *See* FED. R. CIV. P. 45(c)(3)(A)(iii). The authority cited in the brief is confusing.[4] FERPA, 20 U.S.C. § 1232g, restricts

_____

[4]Doe #4 cites "The Family Educational Rights & Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232h (Protection of pupil rights)." *See* Brief in Support at 10. FERPA is located at 20 § U.S.C. 1232g and the Protection of Pupil Rights (PPRA) is located at 20 § 1232h. Both are part of the Education Amendments of 1974 to the Elementary and Secondary Education Act of 1965. Doe #4 states "[u]nder FERPA, personal information means individually identifiable information including a student or parents first and last name, a home or other physical address (including street name and the name of the city or town[)][,]a telephone number, or social security number. 20 U.S.C. § 1232h(c)(6) (2007)." Brief in Support at 11. As explained above, FERPA is located at section 1232g, not section 1232h. The definitions contained in the PPRA

federal funds to institutions that release educational records, including personal information. *See*

20 U.S.C. § 1232g(b)(1). FERPA includes a provision allowing those institutions to release such

information in response to a court ordered subpoena. *See* 20 U.S.C. § 1232g(b)(2)(B); *Victory*

*Outreach Center v. City of Philadelphia*, 233 F.R.D. 419, 420 n.1 (E.D. Pa. 2005). The Protection

of Pupil Rights (PPRA), 20 U.S.C. § 1232h, deals with surveys and evaluations administered to

students. *See* 20 U.S.C. § 1232h(a) and (b). PPRA requires local authorities to develop policies to

protect student privacy. 20 U.S.C. § 1232h(c). The PPRA restricts the release of "personal

information," as that phrase is defined in 20 U.S.C. § 1323h(c)(6)(E), when the personal information

is collected from students for the purpose of marketing or selling the information. *See* 20 U.S.C. §

1232h(c)(1)(E) and (F)(i), (c)(2)(C)(i), and (c)(4)(A). The PPRA does not implicate the release of

Doe #4's personal information. The subpoena provision in FERPA overrides the privacy concerns

that statute protects.

Doe #4 argues the response to the subpoena will reveal each Doe's student records to the

other Does in the action. That concern is not significant enough to merit quashing the subpoena.

The order granting the Rule 45 subpoena limits the information Plaintiffs may seek. Plaintiffs may

request from NMU only the name, address, telephone number, email address and media access

control address for each unknown Defendant.

Third, Doe #4 argues Plaintiffs have failed to establish a prima facia claim for copyright

infringement. Doe #4 asserts a prima facia claim for copyright infringement consists of two

---

apply only to the PPRA. *See* 20 U.S.C. § 1232h(c)(6) ("Definitions. As used in this subsection .
. .").

elements: (1) that a copyright subsists in the allegedly infringed material and (2) that the alleged infringer violated at least one of the six exclusive rights granted to copyright owners under 17 U.S.C. § 106. Doe #4 argues Plaintiffs have failed to allege the second element. This argument does not fall under any of the four reasons for a court to quash a subpoena under Rule 45.

Doe #4 has not persuaded this Court that the subpoena issued under Rule 45 should be quashed, vacated or modified. Only the privacy argument falls within one of the four reasons to quash a subpoena provided under FED. R. CIV. P. 45(c)(3)(A). The limited information allowed under the subpoena minimizes the risk that unnecessary private information would become public as a result of the order. FERPA specifically provides an exception for educational institutions to release otherwise protected information in response to a court order. *See* 20 U.S.C. § 1232g(b)(2)(B).

B. Motion to Dismiss

The United States Supreme Court recently held, in order to survive a 12(b)(6) motion, a complaint need only provide sufficient factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-1965 (2007). The Court cautioned that a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In the specific matter before it, the Court characterized the requirement as stating "enough fact to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement." *Id.* at 1965. The Court finally noted that the complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

7

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court must construe the complaint in the light most favorable to the plaintiff, accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Directv, Inc v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Evans-Marshall v. Bd.of Educ. of Tripp City Exempted Vill. Sch. Dist.,* 428 F.3d 223, 228 (6th Cir. 2005). However, a court does not accept as true unwarranted factual inferences or legal conclusions alleged in the complaint. *Directv, Inc*, 487 F.3d at 476. A challenge to the factual basis of the complaint is more properly addressed under the summary judgment rule. *Evans-Marshall*, 428 F.3d at 228. The defendant has the burden of establishing that the plaintiff has failed to state a claim upon which relief may be granted. *Directv, Inc*, 487 F.3d at 476. When considering whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, but may also take into account items appearing in the record of the case and attached exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

First, Doe #4 argues the order should be set aside and the complaint dismissed because Plaintiffs failed to provide advance notice of copyright infringement under 37 C.F.R. § 201.22. Plaintiffs respond by stating that it is not proper to consider the sufficiency of a complaint in a motion to quash and, even if it is proper, the complaint does state a prima facia showing a copyright infringement. Whether the complaint states a prima facia case will be addressed below. Plaintiffs are surprisingly silent with regard to the specific application of Regulation 201.22 to their claim.

Section 411 is a jurisdictional requirement for maintaining an infringement action and prohibits, subject to limited exceptions, any action for infringement of a work until preregistration

8

or registration of a copyright claim has been made. 17 U.S.C. § 411(a); Subsection (b) is an exception to the general rule established in subsection (a). Because of the problems associated with preregistration or registration of live broadcasts, subsection (b) authorizes infringement suits, both before and after the live broadcast, subject to advance notice of the intent to copyright the material. 17 U.S.C. § 411(b) (". . . enables a copyright owner to institute an action . . . either before or after the first fixation of a work . . that is first fixed simultaneously with its transmission, . . . , provided registration of the work is made within three months after its first transmission"). *See National Football League v. Randor, Inc.,* 840 F.Supp. 1160 (N.D. Ohio 1993); *Georgia Television Co. v. TV News Clips of Atlanta, Inc.*, 718 F.Supp. 939. 951-952 (N.D. Ga. 1989). *See also* H.R. Rep. No. 94-1476, at 158 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5774. ("Section 411(b) is intended to deal with the special situation presented by works that are being transmitted 'live' at the same time they are being fixed in tangible form for the first time.").[5] Regulation 201.22 identifies the form and content of the advanced notice of copyright infringement required by 17 U.S.C. § 411(b). 37 C.F.R. § 201.22.

The complaint alleges Plaintiffs own copyrights for each of the recordings made available downloaded and/or distributed by Defendants. (Complaint ¶ 18). Plaintiffs' complaint does not allege infringement of a live broadcast. Accordingly, the lack of notice under 37 C.F.R. § 201.22 is not a reason to dismiss the complaint.

Second, Doe #4 argues the order granting the Rule 45 subpoena should be set aside because Plaintiffs misrepresented the authority for granting the subpoena. This argument is not a reason to

---

[5]This portion of the House Report from the Judiciary Committee is provided in the Historical and Statutory Notes to the statute in the United States Code Annotated. 17 U.S.C.A. § 411 (West 2005) at 768.

dismiss the complaint. To the extent that Doe #4 also argues there are problems with the allegations in the complaint, those problems are addressed below.

Third, Doe #4 argues Plaintiffs have failed to establish a prima facia claim for copyright infringement. Copyright owners have the exclusive right to reproduce a copyrighted work and to distribute those copies to the public. 17 U.S.C. § 106(1) and (3). To make a prima facia claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) unauthorized reproduction or distribution of the copyrighted work. 17 U.S.C. 501(a) (defining an infringer as one who, among other things, "violates any of the exclusive rights of the copyright owner as provided by sections 106 through 112"). *See Feist Publications, Inc. v. Rural Telephone Service Co, Inc.*, 499 U.S. 340, 361 (1991) (holding that a plaintiff, for an infringement claim, must establish (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original). *See also S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n. 3 (9th Cir. 1989) (noting that the term "copying" is frequently used to describe the infringement of any of a copyright holder's five exclusive rights provided in 17 U.S.C. § 106).

Doe #4 argues Plaintiffs have not alleged and cannot prove that anyone actually copied the music files from any of the Does' computers, with the exception of Plaintiffs' agent. Doe #4 concludes the complaint does not allege any "distribution" of a copyrighted music file. In response, Plaintiffs assert the complaint states prima facia case for infringement of their right to "copy" and "distribute" the material. Specifically, Plaintiffs point to paragraphs 20 and 22 of the complaint. Plaintiffs allege Defendant has used and continues to use

> an online media distribution system to download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies on a Defendant-by-Defendant basis (one Defendant per page) the IP address with the date and time of capture and a list of copyrighted recordings that each Defendant has, without permission or consent of

10

Plaintiffs, *downloaded* and/or *distributed* to the public.

(emphasis added) (Complaint ¶ 20). The exhibit connected with Doe #4 lists 9 songs that were allegedly made available for copying at 19:32:32 EST on January 29, 2007. The exhibit alleges Doe #4 had a total of 445 audio files on his or her computer and made available to others through the P2P system.

The complaint alleges enough facts to raise a reasonable expectation that discovery will reveal evidence of copyright infringement. Construing the complaint and the exhibit in a light most favorable to the plaintiff, the allegations state a prima facia case for copyright infringement. The complaint alleges Plaintiffs hold copyrights to the nine music files linked to Doe #4. *See* Complaint ¶ 20 and Exhibit A. Exhibit A identifies the name of the song, the artist, and which of the Plaintiffs holds the copyright. The complaint alleges a violation of two of Plaintiffs' rights, copying and distributing. The complaint alleges Doe #4 illegally copied (downloaded) the audio files that are located on her computer. The complaint also alleged Doe #4 illegally distributed (uploaded), or at least made available to others, the audio files on her computer.

Doe #4 filed an additional exhibit which should be mentioned (Dkt. No. 25). On January 31, 2008, Doe #4 filed an amicus brief prepared by the Electronic Frontier Foundation (EFF) for a case pending in the District of Arizona, *Atlantic Recording Corp. v. Howell*, No. 06-2076 (D.C. Az. 2006).[6] Both Doe #4's motion to dismiss and the amicus brief prepared by the EFF address only the distribution claim and not the copying claim. Furthermore, the EFF brief addressed a motion for summary judgment. The EFF (Dkt. No. 25 at 11) and Doe #4 (Dkt. No. 17 at 17) contend infringement of the right to distribute can only occur if there is an actual dissemination of the copyrighted work. Assuming, only for the sake of argument, that

---

[6]The motion for which the brief was prepared is scheduled for oral argument in early March 2008. Plaintiffs have not filed the response to the amicus brief submitted by the recording industry in that case.

11

interpretation of the statute with regard to distribution is correct, the issue would still require a resolution of disputed facts. Plaintiffs have *alleged* acts of actual distribution. Discovery would lead to information either supporting or undermining that allegation. The issue therefore would be better addressed in a motion for summary judgment rather than a motion to dismiss.

III. CONCLUSION

Defendant Doe #4's motion to dismiss, to vacate and to quash (Dkt. No. 16) is **DENIED.** Doe #4 failed to establish the subpoena should be quashed for any reason provided under Rule 45. Doe #4 has not established the complaint should be dismissed for failure to state a prima facia case. The specific allegations in the complaint and, by reference, Exhibit A, establish a prima facia case of copyright infringement. Under the standard recently established by the United States Supreme Court, the complaint alleges sufficient facts to raise the right to relief above the speculative level.

ORDER

Defendant Doe #4's Motion to Dismiss Complaint, Vacate Discovery Order and Quash Subpoena Issued to Non-Party NMU (Dkt. No. 16) is **DENIED.** The information filed under seal with this Court by non-party Northern Michigan University shall be unsealed and forwarded to Plaintiffs on Tuesday, March 4, 2008. **IT IS SO ORDERED.**

Date:   February 22, 2008          /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge

12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-298-BR

| | |
|---|---|
| LAFACE RECORDS, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| DOES 1 - 38, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the motions of defendants Does 1, 18, 19, 26, 31, 33, 35, and 38 ("moving defendants") requesting that the court: (1) vacate the Order granting expedited discovery to plaintiffs; (2) dismiss plaintiffs' complaint against them pursuant to Federal Rule of Civil Procedure12(b)(6) for failure to state a claim; (3) quash the subpoena issued by plaintiffs to non-party North Carolina State University ("NCSU"); and (4) dismiss the complaint against them pursuant to Federal Rule of Civil Procedure 20 for improper joinder. Moving defendants' motions initially stated that only Doe 31 sought to dismiss plaintiffs' claims based on improper joinder; however, moving defendants subsequently filed a motion to amend and clarified that all moving defendants seek to dismiss plaintiffs' claims based on improper joinder, along with the other grounds listed above. Plaintiffs have responded to the motions to dismiss. Accordingly, this matter is ripe for disposition.

## I. BACKGROUND

Plaintiffs are the alleged owners of the copyrights in numerous sound recordings made by artists who no longer control the copyrights at issue. (Comp. ¶ 22). On 8 August 2007 plaintiffs filed a complaint alleging copyright infringement by defendants. (Id. ¶ 1). Plaintiffs are unaware

of the true identities of defendants and know them only by the Internet Protocol ("IP") address, which was assigned to each defendant by their Internet Service Provider ("ISP").  (Id. ¶ 19).  The alleged infringement is the result of defendants downloading and distributing copyrighted music from the internet through use of an online media distribution system, a peer-to-peer ("P2P") network, without permission from plaintiffs, the copyright owners.  (Id. ¶¶ 20, 24; Plfs.' Resp. at 3). Attached to the complaint are charts showing the IP addresses for each Doe defendant, along with the P2P network used for downloading, the date and time of the download, and a list of copyrighted recordings downloaded by artist, song title, album title, and copyright holder.  (Id. ¶ 24; Ex. A).

Because the true identities of defendants are unknown, plaintiffs filed an *ex parte* motion for expedited discovery seeking to serve a Rule 45 subpoena on NCSU, the ISP for defendants.  (Ex Parte Mot. ¶¶ 1, 3; *Ex Parte* Mem. at 2).  Through the subpoena, plaintiffs sought to learn the true names, permanent addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses for each defendant.  (*Ex Parte* Mot. ¶ 3).  By Order dated 10 August 2007, the *ex parte* motion was granted by a magistrate judge.

## II. DISCUSSION

### A. Motion to Dismiss for Failure to State a Claim

The moving defendants seek dismissal of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.  The complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  If a claim has been adequately stated in the complaint, "it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007).  However, the factual allegations in plaintiffs' complaint

2

"must be enough to raise a right to relief above the speculative level." Id. at 1965. In reviewing the complaint, the court must construe the facts and draw all reasonable inferences in the light most favorable to the plaintiffs. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

The moving defendants contend that plaintiffs' complaint should be dismissed against them because it does not allege actual copyright infringement. Specifically the moving defendants assert that plaintiffs failed to allege that the Doe defendants "invited anyone to copy their music files or were aware that anyone had copied their music files[,] . . . were . . . aware that their music files could be copied by third parties[,] . . . [or had] a duty to protect their music files from copying by third parties over the Internet." (Defs.' Mem. at 5).

To establish a claim for copyright infringement, plaintiffs need only prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). The complaint alleges that plaintiffs are the owners of various copyrighted music. (Compl. ¶ 22). It further alleges the Doe defendants used a P2P network to download and distribute that copyrighted music, and includes an exhibit detailing the specific P2P network used, along with the IP address for each defendant, and the date and time specific music was downloaded. (Id. ¶ 24; Ex. A). Plaintiffs have thus sufficiently stated a claim and supporting factual basis for copyright infringement. See Arista Records, LLC v. DOES 1-27, No. Civ. 07-162-B-W, 2008 U.S. Dist. LEXIS 6241, at *5, *18-19 (D. Me. Jan. 25, 2008) (complaint survived 12(b)(6) motion dismiss where it alleged copyright infringement by downloading copyrighted music from the internet using a P2P network and used an attachment to identify each Doe defendant by IP address). The details that the moving defendants argue are fatally

3

missing from the complaint are simply unnecessary to state a claim for copyright infringement under the liberal notice pleading rules for federal courts.

## B. Motion to Dismiss for Improper Joinder

The moving defendants also argue that the court should dismiss the claims against them for improper joinder. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise the action." To remedy improperly joined parties, the court should not dismiss the action outright, but "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The court may act upon motion by a party or *sua sponte*. Id.

The moving defendants argue that plaintiffs have failed to show that the copyright infringement claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences. (Defs.' Mem. at 12-16). The court agrees. Plaintiffs argue that the claims asserted against the various defendants arise out of the same series of transactions because each defendant used the same ISP as well as some of the same P2P networks "to commit the exact same violation of the law in exactly the same way." (Plfs.' Resp. at 22). However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder.

In similar cases, other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. See BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (*sua sponte*

4

severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); Interscope Records v. Does 1-25, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. This court will sever not only the moving defendants from this action, but all other Doe defendants except Doe 2. See BMG Music v. Does 1-203, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2, *4 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its *sua sponte* order of severance of all but one Doe defendant).

### III. CONCLUSION

The moving defendants' motion to amend is GRANTED. The moving defendants' motions to dismiss for failure to state a claim are DENIED. Although the court also DENIES the motions to dismiss for improper joinder, all defendants except Doe 2 are SEVERED from this action upon plaintiffs' filing of new, separate actions against each of the severed Doe defendants within twenty (20) days and paying the requisite filing fees.[1] Failure to timely do so will result in dismissal of plaintiffs' claims against each of the severed defendants.

Because all defendants except Doe 2 will be severed from this action, the subpoena served on NCSU is no longer valid as to those defendants and the court need not address the motions to dismiss to the extent based on vacating the expedited discovery Order and quashing the subpoena.

---

[1] Plaintiffs have voluntarily dismissed their claims against Does 7, 27, and 32.

5

NCSU is permitted to proceed with producing the information requested in the subpoena as to the

remaining defendant, Doe 2. Plaintiffs shall serve a copy of this Order on counsel for NCSU.

     This 27 February 2008.

 

                                              W. Earl Britt
                                       Senior U.S. District Judge

LR/DOES/MKM

6

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

```
WARNER BROS. RECORDS INC., et al*
                                   *
              Plaintiffs,          *
                                   *
     v.                            *   CIV. NO. SA-06-CA-615-OG
                                   *
JOSE DUARTE,                       *
                                   *
              Defendant.           *
```

**MEMORANDUM AND RECOMMENDATION**

Before the Court is the defendant's motion to dismiss and
motion for summary judgment. (Docket no. 22). Plaintiffs have
responded. (Docket nos. 24,25). Upon consideration, the Court
concludes defendant's motion to dismiss should be **DENIED** and
defendant's motion for summary judgment should be **DENIED**.

**Discussion**

Plaintiffs are recording companies who filed suit against Jose
Duarte alleging he committed copyright infringement by wrongfully
downloading copyrighted material using the internet. Duarte then
filed this motion to dismiss arguing plaintiffs' complaint fails to
state a claim upon which relief may be granted. Duarte also filed
this motion for summary judgment arguing plaintiffs cannot prove
that any infringement occurred or that any infringement occurred
within the three-year statute of limitations for copyright actions.
This Court will address each in turn.

1

## I.   Motion to Dismiss

With just a simple conclusory argument with no factual support, Duarte moves the Court "[t]o dismiss all parts of the complaint herein on the ground that same fails to state a claim against this defendant upon which relief can be granted...."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  The complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of plaintiff's claims, and all factual allegations plead in the complaint must be taken as true.  *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  Following this guidance, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bauer v. Texas*, 341 F.3d 352, 356 (5th Cir. 2003).

In their complaint, plaintiffs state they are the copyright owners of certain sound recordings, and Duarte used an online media distribution system to download and/or distribute their copyrighted material without their permission.  Plaintiffs' complaint clearly states a claim for relief for copyright infringement under the Copyright Act.  Plaintiffs provide sufficient factual basis for the asserted cause of action.  Therefore, Duarte's argument is without

2

merit, and his motion to dismiss for failure to state a claim should be **DENIED**.

## II. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(b) provides that a defending party may move, with or without supporting evidence, for a summary judgment in the party's favor. **FED. R. CIV. P. 56(b)**. Summary judgment shall be rendered if the pleadings and evidence show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c)**. An adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing there is a genuine issue for trial. **FED. R. CIV. P. 56(e)**.

Duarte seeks summary judgment by simply arguing plaintiffs "cannot prove that the alleged violations in the complaint herein occurred or, ... when they occurred in compliance with the three-year statute of limitations for civil copyright infringement...." Duarte also submits an affidavit in which he attests he bought a home computer for his children's use, and he does not know how to turn on or otherwise use a computer. Plaintiffs respond with competent summary judgment evidence showing that on three separate occasions in June 2004, their investigators detected their copyrighted sound recordings were being distributed over the Internet from IP addresses registered to Duarte. *See plaintiff's*

3

*response*, **Appendix, Sec. H, Carpenter Decl. pars. 3,5-7.** This evidence confirms plaintiffs are the owners of the copyrighted material, the infringement originated from Duarte's Internet account with Southwestern Bell, and the infringement occurred within three years of the filing of this lawsuit. *See id.* This evidence is sufficient to raise a genuine issue of material fact whether Duarte committed the alleged copyright infringement. For this reason, Duarte's motion for summary judgment should be **DENIED**.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that defendant's motion to dismiss be **DENIED** and motion for summary judgment be **DENIED**.

## Instructions for Service and Notice of Right to Appeal/Object

The United States District Clerk shall serve a copy of this United States Magistrate Judge's Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Pursuant to Title 28 U.S.C. Section 636(b)(1) and Rule 72(b), Fed.R.Civ.P., any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 10 days after being served with a copy unless this time period is modified

4

by the district court. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. *Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.* A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation contained in this Memorandum and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1413, 1428 (5th Cir. 1996).

It is so **ORDERED**.

**SIGNED** May 2, 2007.

_____

JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE

5