## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SONY BMG MUSIC                      :
ENTERTAINMENT, et al.,              :          **FILED AUG 2 2 2008**
     Plaintiffs,                  :
    v.                               :          CIVIL NO. 08-1200
                                                 :
DENISE CLOUD,                       :
     Defendant.                   :
                                            :

### MEMORANDUM AND ORDER

Rufe, J.

August 21, 2008

This is an action for copyright infringement. Plaintiffs, all major recording companies, have filed a Complaint claiming that Defendant Denise Cloud has been identified as using a so called "Peer-to-Peer" ("P2P") online file copying network to illegally download, reproduce and distribute copies of eight identified music recordings.[1] Plaintiffs own or exclusively license the copyrights to the recordings in question. In response to Plaintiffs' Complaint, Defendant filed a Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e),[2] requesting that the Court order Plaintiffs to file additional information in a supplemental pleading, including a list of all copyrights allegedly infringed, a copy of all relevant copyright licensing documents and Registration Certificates, a detailed statement of facts supporting Plaintiffs' claim that Defendant willfully infringed the copyrights in question, and a statement of which exclusive rights under the Copyright Act[3] Defendant is alleged to have violated.

---

[1] Doc. No. 1.

[2] Doc. No. 7.

[3] 17 U.S.C. § 101 et seq..

1

**ENTERED**

AUG 2 2 2008

**CLERK OF COURT**

Plaintiffs filed a Response in Opposition to Defendant's Motion,[4] arguing therein that the Complaint is neither vague nor ambiguous, as would warrant an order for a more definite statement under Federal Rule of Civil Procedure 12(e), and, in a parallel argument, asserting that the Complaint satisfies the pleading standard articulated in Bell Atlantic Corp. v. Twombly[5] by sufficiently setting forth facts that raise Plaintiffs' right to relief for infringement above a speculative level.  Plaintiffs contend the Complaint properly states both requisite elements of a copyright infringement claim by alleging Plaintiffs' ownership of the copyrighted materials in question and Defendant's violation of at least one of the exclusive rights provided in section 106 of the Copyright Act with respect to the relevant materials.  Plaintiffs also contend the Complaint contains adequate factual allegations to survive a Rule 12 motion because it plainly sets forth the date, time, and nature of the alleged infringement, the specific copyrighted materials infringed, and the basis for Plaintiffs' belief that Defendant was the infringing party.  Plaintiffs argue that a motion for more definite statement is properly for the purpose of clarifying pleadings, not forcing discovery from a plaintiff before it is due.

In the Reply,[6] Defendant reiterates her contention that Plaintiffs' pleadings provide insufficient notice of the claims against her, in particular Plaintiffs' claim of direct infringement. Defendant argues that after Twombly, a claim of direct infringement must be supported by detailed factual allegations showing willfulness, and that Plaintiffs' claims fail to allege willfulness with sufficient particularity.

---

[4] Doc. No. 12.

[5] 127 S. Ct. 1955 (2007).

[6] Doc. No. 14.

Disposition of the instant motion is governed by Rules 8 and 12 of the Federal Rules of Civil Procedure. In relevant part, Rule 8 states, "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[7] Meanwhile, Rule 12(e) provides, in relevant part, "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response."[8]

As recently addressed by the U.S. Supreme Court in Twombly, Rules 8 and 12 function together to frame and govern a court's assessment of the quality of a pleading. The Third Circuit has held that although Twombly sets forth certain "new" concepts courts must consider when evaluating pleadings in light of Rules 8 and 12, it does not alter the well-established notice pleading standard set forth in Rule 8(a)(2).[9] Indeed, the Supreme Court expressly stated that Twombly does not impose any new requirement of heightened detail or specificity in pleading, relative to pre-existing pleading standards under Rule 8.[10] Rather, Twombly clarifies that a plaintiff's Rule 8 obligation to make a "showing" of entitlement to relief is satisfied not by a mere "blanket assertion" or "formulaic recitation of the elements of a cause of action," but by "factual allegations [sufficient] to raise the right to relief above the speculative level" and provide a defendant both fair notice of the claim and the "grounds upon which it rests."[11] The Third Circuit has understood Twombly's Rule

---

[7] Fed. R. Civ. P. 8(a)(2) (2007).

[8] Fed. R. Civ. P. 12(e).

[9] Phillips v. County of Allegheny, 515 F.3d 224, 231-33 (3d Cir. 2008).

[10] Twombly, 127 S. Ct. at 1964, 1965, n.3; Phillips, 515 F.3d at 231.

[11] Twombly, 127 S. Ct. at 1964, 1965.

8 discussion "to instruct that a situation may arise where . . . the factual detail in a complaint is *so undeveloped* that it does not provide a defendant with the type of notice . . . contemplated by Rule 8," and has "caution[ed] that without *some* factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only fair notice, but also the grounds on which the claim rests."[12]

A motion for a more definite statement under Rule 12(e) "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading."[13] Courts in this Circuit have noted, however, that such motions are "highly disfavored since 'the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process.'"[14]

Here, the Court finds the Complaint to be well pleaded and to contain sufficient factual allegations to raise Plaintiffs' right to relief above a speculative level, such that Defendant's Motion for More Definite Statement will be denied. Plaintiffs adequately plead the two elements of copyright infringement, alleging that they own certain valid copyrights and that Defendant violated Plaintiffs' rights in those copyrights as provided in 17 U.S.C. § 106.[15] Plaintiffs support their claim by specifically identifying sufficient relevant underlying facts. They identify the copyrighted sound recordings in question and allege facts showing their rights in the recordings.

---

[12] Phillips, 515 F.3d at 232 (quotations and citations omitted) (emphasis added).

[13] Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967).

[14] See, e.g., Hughes v. Smith, No. 03-5035, 2005 WL 435226, at *4 (E.D. Pa. Feb. 24, 2005)(citations omitted).

[15] See Parker v. Google, Inc., 242 Fed. App'x 833, 836 (3d Cir. 2007) (citing Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 203 (3d Cir. 2005)).

Plaintiffs amply express the basis for their belief that Defendant directly infringed the copyrights in question, by alleging that she participated in a P2P file sharing network, thereby making copies of copyrighted materials available to others for download, and that the eight identified recordings were downloaded or distributed from an IP address under Defendant's control through the P2P network at a particular date and time "captured" by Plaintiffs' investigator.  By these factual allegations, Defendant is provided fair notice of Plaintiffs' claims and the grounds on which they are based, in satisfaction of the Rule 8 notice pleading standards.  Defendant's "attempts to scrutinize the [Complaint] for an absence of details stands in direct opposition to these standards[,] demands an unduly stringent degree of specificity,"[16] and will be denied.

---

[16] Jones v. Select Portfolio Servicing, Inc., No 08-972, 2008 WL 1820935, at *3 (E.D. Pa. April 22, 2008).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, et al., **Plaintiffs,** v. DENISE CLOUD, **Defendant.** | : : : : : : : : : : : |

CIVIL NO. 08-1200

### ORDER

AND NOW, this 21st day of August 2008, upon consideration of Defendant's Motion For More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) [Doc. No. 7], Plaintiffs' Response in Opposition [Doc. No. 12], and Defendant's Reply thereto [Doc. No. 14], it is hereby **ORDERED** that the Motion is **DENIED**. Defendant shall file an answer to Plaintiffs' Complaint [Doc No. 1] within **fourteen (14) days** of the date of this Order.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.