# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONY MUSIC ENTERTAINMENT, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION **FILED** |
| v. | ) ) | NO. 08-CV-01200 |
| DENISE CLOUD, | ) ) | MICHAEL E. KUNZ, Clerk By_____Dep. Clerk |
| Defendant. | ) ) | |

**J. Rufe**                                                                 **May 29, 2009**

        Before the Court is Defendant Denise Cloud's ("Defendant") Motion to Dismiss,[1]

Plaintiffs Sony BMG Music Entertainment, Arista Records, LLC, UMG Recordings, Inc., and

BMG Music's ("Plaintiffs") Response,[2] and Defendant's Reply thereto.[3]  Additionally before the

Court is the brief filed by the United States of America in Defense of the Statutory Provisions of

the Copyright Act 17 U.S.C. § 504 (c),[4] and Defendant's Reply to the United States'

Memorandum.[5] Defendant seeks dismissal of the Complaint in its entirety on the grounds that it

fails to properly allege that Defendant "made available" copyrighted materials, fails to properly

allege the requisite willfulness under the copyright statute, fails to identify a material object that

was copyrighted and that the requested statutory damages are unconstitutional.  Plaintiffs argue

---

[1] Doc. No 26.

[2] Doc. No. 30.

[3] Doc. No. 33.

[4] Doc. No. 37.

[5] Doc. No. 49.

that Defendant has previously raised such claims in her Motion for a More Definite Statement [6], which the Court has denied,[7] and in her Motion to Reconsider[8], which the Court also denied.[9] For the following reasons the Court denies the instant motion.

## I.      Facts and Procedural Background

Plaintiffs brought this action on March 11, 2008 pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*,[10] alleging that on June 13, 2007, Defendant used the computer program Limewire on the Peer-to-Peer (P2P) network, Gnutella to distribute 372 audio files, including those copyrighted by Plaintiffs.[11]  Plaintiffs further allege that they have placed proper notice of copyright on the album covers of each of the songs or materials specifically named on Exhibit A of the Complaint, as well as additional songs they allege Defendant had been disseminating over the internet for an extended period of time.[12] They contend that this distribution was willful and intentional, and that they are therefore entitled to statutory damages and injunctive relief.[13]

Initially, Defendant responded to Plaintiffs' Complaint by filing a Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) claiming that Plaintiffs did not

---

[6] Doc. No. 7.

[7] Doc. No. 15.

[8] Doc. No.16.

[9] Doc. No. 25.  The Court hereby incorporates said Memorandum and Order herein for purposes of completion and clarity.

[10] Compl. ¶ 1.

[11] Compl. ¶ 14.

[12] Compl. ¶ 16.

[13] Compl. ¶ 17.

provide an official registration certification issued by the United States Registrar of Copyrights to verify their claimed copyright to the songs named in Exhibit A of the Complaint, and that Plaintiffs failed to state in what manner the companies came to own the infringed copyrights.[14] Moreover, Defendants claimed that Plaintiffs failed to identify any "material objects" that had been subject to copyright violation or how Defendant willfully violated that copyright.[15]

The Court rejected these arguments stating that the Plaintiffs adequately pleaded the two elements of copyright infringement by alleging that they own the copyrights in question and that those copyrights have been infringed, identifying the recordings in question and the manner and time at which infringement took place.[16] Defendants thereafter filed a motion for reconsideration.[17] As part of the Order denying the Motion for Reconsideration, Defendant was directed by the Court to file her Answer to Plaintiffs' Complaint within twenty days. Instead, Defendant filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), posing similar arguments to those put forth in the Motion for a More Definite Statement.

Specifically, Defendant alleges that the theory under which Plaintiff pleads that the files in question were "made available," fails in light of a recent ruling in the District Court of Minnesota, which is not binding upon this Court.[18] Additionally, Defendant argues that Plaintiffs fail to establish which "material objects," as defined under the statute were illegally copied, and

---

[14] See Doc. No. 7.

[15] Id.

[16] See Doc. 15.

[17] See Doc. No. 25.

[18] Capitol Records, Inc. v. Thomas, 579 F. Supp.2d 1210 (D. Minn. 2008).

that the statutory damages alleged in the Complaint are unconstitutional.[19]  Plaintiffs filed a

Response stating that such arguments are premature at the pleadings stage, that Defendant's

argument with respect to Plaintiffs' theory of "making available," does not render the allegation

insufficient at the pleadings stage, that the Court previously determined that the pleadings of

willful infringement were sufficient, that a digital copy is a copy under the Copyright Act and

therefore a "material object," and that Defendant's contention that statutory damages are

unconstitutional is not yet ripe at the pleadings stage since no damages have been awarded.[20]

     The United States Government then filed a Motion For Time to Determine Whether

Government Intervention was Appropriate, which the Court granted.[21] On March 25, 2009, the

Government filed a Motion to Intervene, which the Court also granted.  The Motion was

accompanied by a " Memorandum in Defense of the Constitutionality of the Statutory Damages

Provision of the Copyright Act,"[22] in which the Government argues in support of statutory

damages and asks that the Court reserve all questions of constitutionality until the record is more

fully developed.  Defendant's Response[23] contends that the Court would avoid any constitutional

issues by ruling that the Complaint was insufficiently pleaded, and by granting her Motion to

Dismiss.

## II.     LEGAL STANDARD

---

[19] See Doc. No. 26.

[20] See Doc. No. 30.

[21] See Doc. No. 36.

[22] See Doc. 37.

[23] See Doc. 49.

### A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.[24] The United States Supreme Court has recently clarified this standard of review, explaining that "[a] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" without the allegation of sufficient facts in support.[25] In order to survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[26] A court may grant a 12(b)(6) motion only "if it appears to a certainty that no relief could be granted under any set of facts which could be proved."[27]

## III.    Discussion

To overcome a Motion to Dismiss, Plaintiffs must have adequately pleaded the two elements of copyright infringement, alleging that they own certain valid copyrights and that Defendant violated Plaintiffs' rights in those copyrights as provided in 17 U.S.C. § 106.[28] Defendant contends that (1) Plaintiffs' allegations that Defendant "made available" the

---

[24] Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

[25] Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

[26] Id.

[27] D.P. Enterprises Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

[28] See Parker v. Google, Inc., 242 Fed App'x 833, 836 (3d Cir. 2007) (citing Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 203 (3d Cir. 2005)).

recordings in question does not assert copyright infringement under the statute because it is not among the specific enumerated rights of the copyright holder; (2) Plaintiffs fail to properly plead willfulness; (3) Plaintiffs do not claim that any "material object" was disseminated; and that (4) statutory damages are unconstitutional.  The Court will address each argument in turn.

A.   **The adequacy of Plaintiffs' allegations that materials were "made available" under the Copyright Act**

Defendant argues that Plaintiffs allege that Defendant was making the recordings available and therefore violating the copyright holder's exclusive rights under 17 U.S.C. § 106.[29] Defendant places heavy reliance on the phrase "making available," arguing that it implies a theory of distribution that has been questioned by the Supreme Court as being relevant to the portion of the Copyright Act at issue in this case.[30]

However, the Court has scoured Plaintiff's Complaint for the phrase "making available," and can only find it referenced once within the Complaint, in the proposed language of Plaintiffs' requested relief for an  injunction.[31]  What Plaintiffs do allege is that Defendant has engaged in ongoing acts of "downloading and/or distributing to the public the copyrighted recordings."[32] The right to "distribute" copyrighted material is one of the exclusive rights of the copyright holder protected in the Copyright Act.[33]

---

[29] See Mot. to Dismiss at p. 2.

[30] See id. at p. 3 citing MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913 (2005).

[31] See Compl. ¶ 19.

[32] See Compl ¶¶ 14, 15.

[33] See 17 U.S.C. § 106(3).

Plaintiffs must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[34]  Plaintiff has alleged that Defendant "distributed" copyrighted materials, detailing a specific time, means and manner of that distribution.[35]  Therefore, Defendant's contention that Plaintiffs do not allege the infringement of an exclusive right under 17 U.S.C. § 106 must fail.

**B.     The Adequacy of Plaintiffs' Pleadings of Willfulness**

Defendant argues that Plaintiffs failed to properly plead that Defendant's alleged copyright infringement was "willful," as required under 17 U.S.C. § 504. Willfulness is when "the infringer has knowledge that his conduct is infringing another's copyright or if the infringer has acted in reckless disregard of the copyright owner's rights."[36]  In their Complaint, Plaintiffs allege that Defendant would have had knowledge that the materials in question were copyrighted because "notice of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.  These published copies were widely available, and each of the sound recordings identified in Exhibit A was accessible by Defendant."[37] As such a statement brings the allegation of knowledge above a speculative level, it finds once again that Plaintiffs have properly pleaded willfulness.

**C.     The Adequacy of the Pleadings That A "Material Object" Was Made Or**

---

[34] Twombly, 127 S. Ct. at 1965.

[35] Compl. ¶ 14.

[36] Yash Raj Films (USA), Inc. v. Sur Sangeet Video Elecs., Inc. 2008 U.S Dist. LEXIS 14951 *12. (D. NJ. February 28, 2008) (quoting Fitzgerald Pub. Co. v. Taylor Pub. Co. 807 F.2d 1110, 1115 (2d Cir. 1986)).

[37] Compl. ¶ 16.

7

**Disseminated, a Requirement of 17 U.S.C. § 101**

Section 100 of Title 17, United States Code defines "copies," as "material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or a device." Defendant alleges that the digital files in question were not sufficiently fixed to constitute a copy and that "since there is no tangible copy made, there is no infringement."[38] Defendant contends that the Second Circuit case <u>Cartoon Network LP v. CSC Holding Inc.</u> states that in order for a reproduction to take place that the material object must be "fixed," or "sufficiently permanent or stable." Even if this ruling were binding precedent upon this Court, Defendant's contention is misleading as she fails to put forth the full test of a material object articulated by that case. "[T]he work must be embodied in a medium, i.e, placed in a medium such that it can be perceived, reproduced, etc. from that medium (the 'embodiment requirement'), and it must remain thus embodied for a period of more than transitory duration (the 'duration requirement')."[39]

Defendant makes no showing that Plaintiffs' allegations do not satisfy either the embodiment requirement or the duration requirement. In their Complaint, Plaintiffs allege that P2P networks "refer to computer system of processes that enable Internet users to search for files (including audio recordings) stored on other's computers and transfer exact copies of from one computer to another via the Internet."[40] Hence, Plaintiffs allege that the object in question could

---

[38] Mot. to Dismiss p. 5

[39] <u>Cartoon Network LP. V. CSC Holdings, Inc</u>. 536 F.3d 121, 127 (2d 2008).

[40] Compl. ¶ 12.

be "perceived, reproduced, etc." within the medium of an audio file stored in a computer. Moreover, they state that such files could remain in that state for more than a "transitory duration," as they are "stored," which implies a period of time that is more than transitory.[41] The allegations, taken in the light most favorable to the plaintiff, fulfill the standard needed to overcome a Motion to Dismiss.

**D.      The Statutory Damages Requested Are Unconstitutional**

Having addressed the non-constitutional issues brought forth in the instant Motion to Dismiss, the Court must now consider the parties' as well as the Government's contentions.

Defendant argues in her Motion to Dismiss that the amount of damages requested by Plaintiffs, which, dependent upon a finding of willfulness, she interprets to be $150,000 per infringement, is excessive enough to violate the Fifth and Eighth Amendments.  Plaintiffs respond that they did not state a specific dollar amount, but simply asked for "statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504."[42] The Court's reading of the statutory damages provision of the Copyright Act finds that the amount of damages awarded to a successful plaintiff varies considerably, with $250 per infringement at the low end and $150,000 per infringement at the high end.[43] Moreover, any potential damages may vary drastically, even on a finding of willfulness, since the amount of damages to be awarded, if any,  is left to the court's discretion. "The court in its discretion may increase the award of

---

[41] Id.

[42] Compl. ¶ 19.

[43]    17 U.S.C. § 504(2).

9

statutory damages to a sum of not more than $150,000."[44]

However, in light of the Government's request that the Court refrain from making any findings of constitutionality at this early phase of the litigation, the Court will refrain from making any specific ruling on the constitutionality of the statutory damages provision of the Copyright Act under the doctrine of constitutional avoidance, which states that "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not pass on questions of constitutionality .... unless such adjudication is unavoidable."[45]

**E.      Conclusion**

Defendant's Motion to Dismiss is denied.  An appropriate Order follows.

---

[44] Id.

[45] Spector Motor Serv. v. McLaughlin, 323 U.S. 101, 105 (1944) (overruled on other grounds).